ELLIS, Judge:
Judgment was rendered herein awarding Mrs. Carol Ann de Boxtel Hamilton, plaintiff in reconvention, a separation from bed and board from her husband, Philip K. Hamilton, Sr. Mrs. Hamilton was further awarded custody of two minor children born of the marriage, child support in the amount of $250.00 per month and $200.00 per month alimony. Mrs. Hamilton has appealed, alleging the inadequacy of the award for alimony and child support.
The record shows that Mr. Hamilton has a gross income of $1,300.00 per month, from which is deducted $218.56, including social security, state and federal income tax and $45.87 for hospitalization insurance, which covers the children. His net pay per month is, therefore, $1,035.57. Mr. Hamilton testified to living expenses of $330.00; automobile expense of $249.45, including his car payment, gas, oil, maintenance and insurance; medical expense, including treatment of a child at a mental health clinic, and payments on a past due medical bill of $55.00; and retirement of community debts of $121.39. The total of these monthly expenses is $755.84.
Mrs. Hamilton was not working at the time of the trial. She filed a “Comprehensive Household Expense List” showing total needs of $1,909.40.
The trial judge found that Mr. Hamilton had a net income of $1,035.00 per month; and monthly expenses of $755.00. He found that Mrs. Hamilton had reasonable expenses “in the neighborhood of $1,200.00.” After pointing out that there was obviously not enough to go around with the parties living under two roofs, he made a total award of $450.00, apportioned as hereinabove set forth.
Mrs. Hamilton claims that the court should have used Mr. Hamilton’s gross income as the basis for the alimony award, rather than his net income, citing Penney v. Penney, 357 So.2d 53 (La.App. 4th Cir., 1978); and argues that the award made was therefore inadequate.
*65 Mrs. Hamilton is incorrect in her assertion that the gross income of her husband must be considered as the basis for an alimony award. All of the circumstances of the financial situation of the parties must be considered, and gross income is one of the circumstances. See Meyer v. Meyer, 371 So.2d 1304 (La.App. 4th Cir. 1979).
In this case, evidence as to both the gross and net income of Mr. Hamilton was before the Court, as well as the living expenses claimed by each party. Considering all of these factors, we cannot find that the trial judge abused the broad discretion accorded him in such matters.
The judgment appealed from is therefore affirmed at the cost of Mrs. Hamilton.
AFFIRMED.