410 So.2d 328 (1982)
In the Matter of Robert A. ANDRAS and his spouse Patricia Fenerty Andras.
No. 12486.
Court of Appeal of Louisiana, Fourth Circuit.
February 9, 1982.
*329 Sessions, Fishman, Rosenson, Snellings & Boisfontaine, Robert C. Lowe, New Orleans, for plaintiff in rule (wife) appellant-appellee.
Powers, Nass & Associates, Rhett M. Powers and Theodore W. Nass, New Orleans, for defendant in rule (husband) appellant-appellee.
Before BARRY, KLEES and LOBRANO, JJ.
BARRY, Judge.
This appeal involves separate judgments rendered during the course of domestic litigation. Robert and Patricia Andras filed a joint petition for separation and the judgment awarded custody of their children to Mrs. Andras and ordered Mr. Andras to pay child support of $2,500.00 per month. The judgment was subsequently amended on August 3, 1979 to provide child support of $400.00 per month for each of the five minor children and alimony pendente lite of $400.00 per month. On October 6, 1979 one of the minor children, Jaye, began living with her father.
On December 28, 1979 Mrs. Andras filed a rule for past due alimony and child support alleging her husband made unauthorized deductions from his payments. The matter was tried on January 29 and February 4, 1980 and a judgment signed on June 3, 1980 which dismissed the motion because: "The court is of the opinion from the evidence produced that child support and alimony are current through January, 1980."[1] Mrs. Andras appeals the trial court judgment which, in effect, sanctioned the deductions from her court-ordered support payments.
On April 21, 1980 Mrs. Andras filed another rule claiming the April 17, 1980 support payment was not made. On May 6, 1980 Mr. Andras was held in contempt for an arrearage of $700.00 and the Trial Judge awarded attorney's fees of $350.00 to Mrs. Andras. Mr. Andras appeals only the award of attorney fees claiming the amount was set without evidence to determine the value of the legal services or if any legal fee was actually charged.
*330 Concerning Mrs. Andras' appeal, she argues that the alimony and child support payments were not current because her husband made deductions without her consent. She claims he should have paid $14,400.00 from August 1, 1979 through January, 1980 representing $2,400.00 per month, but only $10,185.70 was paid.
Part of the claimed balance is $1,600.00 representing the four months when Jaye moved in with Mr. Andras after which he suspended paying $400.00 per month child support. It is well settled that a non-custodial parent may not unilaterally reduce or eliminate child support and a judgment remains in effect until the court modifies or discharges the obligation. However, in Dubroc v. Dubroc, 388 So.2d 377 (La.1980) the court stated:
"The Civil Code nowhere mandates a lawsuit for a change in alimony, and the Code of Civil Procedure merely provides for the proper procedure in seeking arrearages...".
"There is no prohibition, however, expressed by the law against a spouse's agreement to suspend his right to compel the other parent without custody to turn over to him in advance money necessary for the child's maintenance ...".
"For these reasons, an agreement by a parent to suspend his right to receive child support payments will not be enforced unless it meets the requisites for a conventional obligation and fosters the continued support and upbringing of the child ... [I]f the parties clearly agree to a suspension of the payments, and such agreement does not interrupt the child's maintenance or upbringing or otherwise work to his detriment, the agreement should be enforceable." Id. pp. 379, 380 (Emphasis in Original)
The test, then, is to determine if the parties "clearly agreed" to the suspension of child support payments.
Mrs. Andras contends Dubroc is not applicable because there was no clear agreement and mere acquiescence by her does not establish necessary consent. Mr. Andras was emphatic in testifying that his wife not only consented to Jaye living with him but also agreed to a suspension of the $400.00 per month contingent upon his payment of the child's tuition which was in arrears in an amount that exceeded the support due. The Trial Judge concluded that the parents did agree Jaye would live with her father and it was the parents' understanding that the support payments would terminate.
The record reflects that from August, 1979 to January, 1980 Mr. Andras deducted other amounts from his payments as follows:[2]

Car note. Mr. Andras testified that his wife received a Corvette and Camaro in their property settlement. The $329.26 monthly car note for August, September and October was apparently deducted from his paycheck because the loan was from his credit union and he had no control over the automatic payroll deduction. Mrs. Andras did not contradict that the payments were made on her behalf.

Life insurance. A premium of $56.10 was deducted each month for an insurance policy on Mr. Andras' life. The mortgagee of Mrs. Andras' home (which she acquired in the property settlement) required the policy as security. Mr. Andras owned the policy but the homestead would not release this collateral. Mr. Andras testified that his wife verbally authorized him to make this deduction and that any proceeds from the insurance would go to Mrs. Andras.

Bank debit of $164.33. Mr. Andras testified his wife had a bank loan which she assumed in the community settlement. The bank deducted from his account the amount she owed, but a later adjustment by the bank only credited back one-half to his account, the effect being that he paid $164.33 of his wife's debt. Mrs. Andras confirmed that the payment was on her loan which was delinquent. This item is not included in Mrs. Andras' brief.

*331 Utility bills.[3] Bills for electricity and water were incurred by Mrs. Andras but paid by Mr. Andras because the accounts were still in his name and mailed to his address. The utility company disconnected Mr. Andras' service when his wife's bill became delinquent and he had no alternative but to pay these amounts on behalf of his wife.
Mrs. Andras argues that alimony and child support must be paid directly to her and Mr. Andras cannot satisfy his legal obligation by making payments to others on her behalf. Thompson v. Courville, 372 So.2d 579 (La.App. 3d Cir. 1979). She urges that her husband's only remedy is to have the judgment amended through the courts in order to preserve the integrity of the judgment. Halcomb v. Halcomb, 352 So.2d 1013 (La.1977). She contends Dubroc, supra, does not apply to child support since there was no clear agreement between her and Mr. Andras permitting the various deductions. She concludes that the trial judge misconstrued the law on this point because the reasons for judgment do not state there was an agreement, and in the absence of an agreement the lower court judgment was contrary to law.
Mr. Andras counters there was a clear agreement to elimination of the $400.00 monthly support payment when Jaye moved in with him and that Mrs. Andras consented to his paying the various other deductions which were her obligations.[4]
The judgment provides payments for each of the five children plus alimony pendente lite and an agreement to suspend the mother's right to receive child support while the father maintains the child in his home is enforceable. Dubroc, supra. The relinquishing parent, Mrs. Andras, does not question her husband's ability or desire to take good care of the child and there is no question before us concerning the best interest of the child. Our courts have consistently said that the wife may, through agreement with her former husband, make arrangements for payment of alimony or child support in a way other than direct payments to her and may waive rights under a previous alimony judgment. Wisdom v. Wisdom, 356 So.2d 1111 (La.App. 2nd Cir. 1978); Henson v. Henson, 350 So.2d 979 (La.App. 2nd Cir. 1977); Caraway v. Caraway, 321 So.2d 405 (La.App. 2nd Cir.), writ ref. 323 So.2d 479 (La.1975).
The Trial Judge found, and we agree, that Mrs. Andras consented to her minor child's living with Mr. Andras and agreed to a suspension of the $400.00 child support payments;[5] further, we are satisfied that payments made by Mr. Andras to other parties on behalf of his wife were made with her knowledge (she certainly knew she didn't have to make the payments) and consent and enured to her benefit.
Mr. Andras complains because the trial court awarded Mrs. Andras attorney fees without evidence. Attorney fees, other than those provided by contract, may only be awarded when authorized by statute. Attorney fees are authorized in suits to accrue past due alimony by LSA-R.S. 9:305:
"When the court renders judgment in an action to make past due alimony or child support executory, except for good cause, the court shall award attorney fees and court costs to the prevailing party."
The attorney fees resulted when Mr. Andras was found in contempt of court for failure to make timely support payments. A court does not have to hear evidence concerning time spent or hourly rates charged in order to make an award since the record will reflect much of the services rendered. The attorney may present additional evidence but he is not required to do *332 so. Jones v. Bryant, 283 So.2d 307 (La.App. 4th Cir. 1973); Applewhite v. City of Baton Rouge, 380 So.2d 119 (La.App. 1st Cir. 1979). The trial court is in the best position to assess a reasonable fee. Mouton v. Mouton, 383 So.2d 447 (La.App. 4th Cir. 1980). We find no error in the $350.00 legal fee awarded to Mrs. Andras which amount should bear legal interest from the date of the lower court judgment.[6]
For the foregoing reasons the judgment of the District Court is amended to provide legal interest on the $350.00 attorney fee from the date of the lower court judgment and in all other respects is affirmed. Costs of appeal are assessed equally to the litigants.
AMENDED IN PART AND AS AMENDED AFFIRMED.
NOTES
[1] The June 3, 1980 judgment incorrectly states the hearing was held on May 6, 1980.
[2] These payments by Mr. Andras resulted from property and obligations assumed and transferred in the community property partition on April 16, 1979.
[3] Mrs. Andras claimed $381.21 was deducted. Mr. Andras testified $376.24 was for electricity and $47.25 for water.
[4] Approximately $3,900.00 was deducted and paid to third parties. The amounts claimed by testimony are different from the amounts in the briefs. Mr. Andras admits $12,800.00 due for the six month period (eliminating $400.00 per month child support for four months), claims $11,185.70 was paid directly to his wife, and $2,239.69 paid to others on behalf of his wife.
[5] A consent judgment reducing child support by $400.00 was signed February 25, 1980.
[6] Bruner v. Bruner, 373 So.2d 971 (La.App. 2nd Cir. 1979).