ELLIS, Judge:
This is an appeal by Carol deBoxtel Hamilton, asking for permanent alimony, which was denied by the court below, and for an increase in the amount of child support awarded.
The parties were separated by judgment dated June 14, 1979, at which time Mr. Hamilton was ordered to pay $200.00 per month alimony pendente lite and $250.00 per month in child support. At that time there were two minor children involved. This judgment was appealed and affirmed. Hamilton v. Hamilton, 388 So.2d 64 (La.App. 1st Cir. 1980).
Subsequently, rules were filed by Mr. Hamilton to reduce the alimony and child support, and by Mrs. Hamilton to increase alimony and child support and for contempt for failure to pay alimony as ordered. Child support was reduced to $225.00 per month because one of the children had become a major, and the $200.00 per month alimony was continued. The other rules to increase or decrease were dismissed. Judgment on the rules was signed on September 12, 1980. This judgment was appealed by Mrs. Hamilton, was lodged with this court on November 4, 1981, as No. 15,004, and is presently awaiting hearing.
This suit, for a divorce, was filed by Mr. Hamilton on April 23, 1980, requesting, inter alia, the same reductions in alimony and child support sought in the above mentioned rules. Mrs. Hamilton answered, reconvened for divorce, and prayed for permanent alimony and child support.
Trial on the merits was held and judgment was rendered fixing child support for the remaining minor child at $225.00 per month, and denying permanent alimony. The judgment signed does not include a provision that Mr. Hamilton pay the medical expenses of his minor child, which was ordered by the court in its oral decree.
Mr. Hamilton filed in the record a list of income and expenses, which shows a gross monthly income of $1,400.00 and a net income of $917.45. He is paying a house note of $300.20, which covers the house in which his wife and children are living. He was living with his parents and paying them $150.00 per month for room and board. He had additional expense of $85.00 per month for meals away from home. Other monthly expenses reported included personal toiletries and laundry, $25.00; miscellaneous contributions to household, $15.00; automobile expense, including insurance, $117.00; medical expense, $35.00; clothing, $30.00; entertainment, $20.00; insurance, $13.57; credit card, $30.00 and attorney’s fees, $100.00. His living expenses totalled $920.77. In addition, Mr. Hamilton drives a company car, but only on company business, and has a $100.00 expense allowance for entertainment, for which he is accountable and which is used only for business entertainment. In 1980, Mr. Hamilton’s total income was $20,200.00, which included a $2,700.00 bonus not reflected in his statement of income and expenses.
Mrs. Hamilton reported total monthly expenses of $2,177.20 for herself and her minor son. This included the $300.20 house note being paid by her husband; $450.00 for groceries; $130.00 for utilities; $35.00 for telephone; $55.00 for medical; $100.00 for insurance; $113.00 for a car note; $230.00 for automobile expense; $250.00 for clothing; $100.00 for legal fees; $100.00 for recreation; $50.00 for gifts; $50.00 for vacation, and other lesser amounts for such items as transportation, haircuts, cleaning, school expenses, allowance, personal items, newspapers, linens, kitchen utensils, contributions and firewood.
Mrs. Hamilton testified to a gross income from all sources, other than alimony and child support of just over $1,100.00 per month. She had not been employed at the time of the earlier adjudications relative to alimony and child support. When questioned about her expenses, she testified that she was not actually spending all of the amounts reflected by her statement, but that some of them reflected what she would like to have.
*48 We find no abuse of discretion. Mr. Hamilton is paying almost one third of his net monthly income to pay the note on a community house in which his wife and child reside, and in addition must pay $225.00 per month in child support, plus all medical expenses incurred by his minor child. His living expenses appear to be minimal. Mrs. Hamilton appears to have exaggerated her living requirements somewhat, and is now gainfully employed. As pointed out by the district judge, this is another of those cases in which there is just not enough money to go around, and Mrs. Hamilton appears to have sufficient means for her maintenance, within the meaning of Article 160 of the Civil Code.
The judgment appealed from is amended to provide that Mr. Hamilton pay the medical expenses of his minor child, and as amended it is affirmed, at the cost of Mrs. Hamilton.
AMENDED AND AFFIRMED.