421 So.2d 291 (1982)
Philip K. HAMILTON, Sr.
v.
Carol Ann deBoxtel HAMILTON.
No. 15004.
Court of Appeal of Louisiana, First Circuit.
October 12, 1982.
*292 Rykert O. Toledano, Jr., Covington, for plaintiff, appellee.
Floyd J. Reed, New Orleans, for defendant, appellant.
Before ELLIS, PONDER and SAVOIE, JJ.
PONDER, Judge.
Defendant, Carol Ann deBoxtel Hamilton, appealed from a judgment rejecting her demands for an increase in alimony, decreasing child support and awarding her a sum for past due alimony and support and attorney's fees in a claimed inadequate amount.
The issues on appeal are 1) plaintiff's defense of set-off and compensation, 2) the deduction of certain bills paid by the plaintiff, 3) the failure to increase child support and alimony, and 4) the amount of attorney's fees and legal interest.
The judgment of separation ordering the plaintiff to pay $200.00 per month alimony pendente lite and $250.00 per month in child support for two minor children, was affirmed by this court. Hamilton v. Hamilton, 388 So.2d 64 (1st Cir.1980).
Plaintiff later filed a rule asking for a decrease. Defendant reacted by filing rules for an increase, for contempt, to make past due child support and alimony executory and for attorney's fees. The trial court terminated support for the child who had reached the age of majority, set support for the remaining child at $225.00 per month, continued alimony pendente lite in the amount of $200.00 per month, and awarded $652.72 in past due alimony and child support and $350.00 in attorney's fees.[1]
Defendant first argues that the defense of compensation and set-off was not properly pleaded and that the appropriate place for such a defense is in a proceeding for partition of community property.
The trial court deducted $1490.11, one-half of community funds held in defendant's bank account at the time of separation, from the $8550.00 in back alimony and *293 support claimed by the defendant. Defendant had transferred the funds from the community checking account to her personal bank account prior to the separation.
The defense of set-off or compensation requires a contemporaneous existence of distinct debts, each equally liquidated and demandable. Thomas v. Thomas, 400 So.2d 1120 (1st Cir.1981). While the plaintiff has a potential claim against his wife for community funds, that claim should be determined in a partition of the community property, since it is not "equally liquidated and demandable." Hartley v. Hartley, 349 So.2d 1258 (La.1977). The trial judge erred by deducting $1490.11. Because of this conclusion we need not address the question of pleading.
The defendant next argues that the trial judge erred in giving plaintiff credit for the payment of defendant's bills. Defendant testified that she sent the plaintiff certain bills but never authorized him to pay them in lieu of the alimony or support payments. Plaintiff testified that defendant told him to pay bills that were her expenses, because she did not have sufficient funds. The majority of the bills deducted were for the utilities and home mortgage on the residence in which defendant and her child reside.
In oral reasons the trial judge found that there was an agreement that the plaintiff would pay certain bills on behalf of the defendant.
Generally, a father can relieve himself of the obligation of child support only by initiating a proceeding to have the judgment amended, but there may be an agreement that payment of alimony or child support can be made in a way other than by direct payments. Blankenship v. Blankenship, 382 So.2d 982 (1st Cir.1980); Seifert v. Seifert, 374 So.2d 157 (1st Cir.1979).
An agreement by the wife to suspend her right to receive child support payments will not be enforced unless it meets the requisites for a conventional obligation and fosters the continued support and upbringing of the child. The parties must "clearly agree" to a suspension of payments. Dubroc v. Dubroc, 388 So.2d 377 (La.1980).
We agree that the payments made by plaintiff to creditors on the wife's behalf were made with her knowledge and consent. See Matter of Andras, 410 So.2d 328 (4th Cir.1982). Although the trial judge found that the wife "acquiesced," the wife's affirmative act of sending the bills to the plaintiff was more than mere acquiescence. The trial judge did not err.
Defendant's argument that the trial court erred in refusing to increase alimony and child support is without merit. Plaintiff did receive a slight salary increase, but one of the minor children had reached the age of majority. The trial judge gave little value to the defendant's expense sheet. We cannot say that the reduction of support by $25.00 per month was an abuse of discretion.
Plaintiff next argues that the trial court erred in not awarding $1648.21 in attorney's fees and legal interest on all past due support payments from the due date of each payment until paid.
Although the $350.00 in attorney's fees may be low, we do not find them to be an abuse of the trial court's discretion. The matter was litigated at a rule to show cause, rather than a full trial, and the fee is to compensate the attorney for work relative to the past due alimony and support. La.R.S. 9:305;[2]Thomas v. Thomas, supra.
The appellant, however, has found it necessary to appeal to rectify some errors. We amend the judgment to award attorney's fees totaling $700.00.
Legal interest for back alimony and support should have been awarded from the *294 due date of each past due installment until paid. Thompson v. Courville, 372 So.2d 579 (3rd Cir.1979).
We amend the trial court decision to eliminate the deduction of claimed community funds, to award legal interest from the due date of each installment until paid, to correct a mathematical error[3] and to increase attorney's fees to $700.00. The amount of past due support and alimony totals $2042.94.
For these reasons, the judgment as amended is affirmed. Costs of this appeal are to be paid by the plaintiff.
AMENDED AND AFFIRMED.
NOTES
[1] Following this appeal, plaintiff filed for divorce. On appeal, this court amended and affirmed the trial court judgment which granted the divorce, fixed child support at $225.00 per month and denied alimony. Hamilton v. Hamilton, 417 So.2d 46 (1st Cir.1982).
[2] La.R.S. 9:305:

When the court renders judgment in an action to make past due alimony or child support executory, or in an action to enforce child visitation rights, except for good cause, the court shall award attorney fees and costs to the prevailing party.
[3] Back alimony and support totaled $8550.00 at the time of this hearing. Plaintiff's payments in the amounts of $5194.86 and $1312.20 were deducted.