433 So.2d 315 (1983)
Gretchen Chronister VALLAIRE
v.
Milton E. VALLAIRE, Jr.
No. 82 CA 0788.
Court of Appeal of Louisiana, First Circuit.
May 17, 1983.
*316 P. David Carollo, Slidell, for plaintiff, appellant.
Joseph F. Bishop, Jr., Mandeville, for defendant, appellee.
Before LOTTINGER, COLE and CARTER, JJ.
COLE, Judge.
The main issue in this domestic case is whether or not the defendant husband is entitled to a credit in child support for a period of time in which one of the children resided with him. A secondary issue is whether or not the husband is entitled to a credit equal to the amount of a check issued to him by an insurance company, endorsed in his name (by the wife), and used by her to pay certain medical expenses for the children.
The facts giving rise to this litigation are as follows. Plaintiff Gretchen Chronister Vallaire and defendant Milton E. Vallaire were divorced on April 2, 1979. In the *317 divorce judgment, rendered by the Orleans Parish Family Court, plaintiff was awarded custody of the three minor children and defendant was ordered to pay child support in the amount of $100 per week. In October of 1979 the child support was reduced to $75 per week.
Sometime prior to November 8, 1981, the oldest daughter apparently was emancipated by marriage and no longer resided with her mother. On November 8, 1981, Mrs. Vallaire and the middle child (Rena) had a disagreement and the child left Mrs. Vallaire's home and went to live with her father. The youngest child continued to reside with Mrs. Vallaire. At this point Mr. Vallaire ceased to pay any child support. On December 3, 1981, Mr. Vallaire filed a rule entitled "Rule for contempt of court, reduction of child support or in the alternative rule to reverse child support and custody." On February 8, 1982, Mrs. Vallaire filed a Rule for past due child support and for contempt of court. The two cases were consolidated and a hearing was held in May of 1982. After hearing testimony of the parties the trial court ordered physical custody of Rena be returned to her mother and found Mr. Vallaire to owe $1,950.00 in past due child support. The court granted defendant an "equity credit" of $35.00 per week for the period of twenty-two weeks (the period wherein Rena resided with her father). He further granted defendant a credit of $691.50 which was the amount of the check issued by the insurance company. In addition, attorney fees were awarded plaintiff. Plaintiff then filed this appeal, contending the court erred in granting the credits.
We note first the trial court stated it was awarding the credit based on "equity." Equity will not nullify or reduce an accumulated alimony or child support award until the judgment is altered or amended by a subsequent judgment or is terminated by operation of law. Theriot v. Melancon, 311 So.2d 578 (La.App.3d Cir.1975).
Plaintiff-appellant argues the court erred in granting any credit to defendant. Although there is an abundance of jurisprudence supporting appellant's position, counsel for appellant's original brief does not cite a single authority.[1] Instead, appellant simply contended the court could not properly consider the issue of the credits because the defendant did not raise such in his pleadings. Because we conclude the jurisprudence mandates defendant not be given a credit in this case, we need not discuss the procedural issue raised by appellant.
The general rule in Louisiana is an alimony or child support judgment remains in full force and effect in favor of the party to whom it is awarded until the party ordered to pay it has the judgment modified or terminated by a court. Halcomb v. Halcomb, 352 So.2d 1013 (La.1977); Ramos v. Ramos, 425 So.2d 989, (La.App. 5th Cir. 1983); Seifert v. Seifert, 374 So.2d 157 (La. App. 1st Cir.1979). The policy reason behind this rule is obvious. The law does not want to encourage those owing alimony or child support to become involved in "self-help" by making their own determinations as to when they have satisfied their alimony or child support obligations by some method other than payment in accordance with the court order. Although there are often circumstances warranting a change, and it is often burdensome (in terms of money and time) for the party to go to court to effect the change, the courts of this state are of the opinion this is the only way to prevent large scale abuse by those owing alimony and child support.
The general rule seems to be subject to two exceptions. The first exception is that when the evidence shows the parties have clearly agreed to waive or otherwise modify the court-ordered payments, the court will uphold such an agreement and grant an appropriate credit. In Dubroc v. *318 Dubroc, 388 So.2d 377 (La.1980), rehearing denied 1980, the court concluded the husband proved the wife had agreed to waive child support for one child for a period of time when the child resided with him. The court noted Mrs. Dubroc felt she could no longer adequately care for the child, therefore the agreement was in the best interest of the child. In Burbano v. Burbano, 417 So.2d 400 (La.App. 4th Cir.1982), the wife testified she had agreed to allow the husband to pay $200 a month less in child support for an eight month period in which one child resided with the father. In Seifert, supra, the wife executed a written agreement whereby she waived the child support. In all these cases the appellate courts concluded the child support had been validly waived.
It is evident from these cited cases the courts apply a strict standard when determining whether or not the child support has been waived. The wife's mere acquiescence in the husband's failure to pay the child support is not a waiver. Dubroc, supra.
In the present case there is no evidence the parties agreed Mr. Vallaire was entitled to reduce his child support payments because of his physical custody of Rena.[2] This matter was not explored at the hearing. Therefore, we obviously cannot conclude defendant[3] proved an agreement existed.
The other exception has been recognized by the second circuit where the court does not focus on the existence of a "clear agreement" between the parties but looks instead at the actions of the mother. When the mother has voluntarily placed custody of all the children with the father, the father has been granted a credit. See Henson v. Henson, 350 So.2d 979 (La.App. 2d Cir.1977); Caraway v. Caraway, 321 So.2d 405 (La. App. 2d Cir.1975); and Silas v. Silas, 300 So.2d 522 (La.App. 2d Cir.1974), writ refused 303 So.2d 177 (La.1974).
We find these cases distinguishable from the case at hand. There is conflicting testimony as to whether or not Mrs. Vallaire voluntarily relinquished custody of Rena. Rena testified she had been "kicked out" of the house while Mrs. Vallaire testified she had repeatedly asked Rena to return. Even if we were to conclude the transfer of custody was voluntary on Mrs. Vallaire's part, we do not feel compelled to reach the same result the second circuit decreed in the cited cases. In the Carraway case, there was only one child born of the marriage. In Henson and Silas there was more than one child involved, but all of the children had been transferred to the custody of the father. To the contrary, in the present case, we have an in globo award of $75 which was for the support of three children. Only one of the children changed physical custody.
The legislature has recently addressed the issues as to when an award for child support shall terminate. La.R.S. 9:309 A states that when child support is awarded in a specific amount per child, the award for a particular child shall terminate automatically when that child reaches majority. La.R.S. 9:309 B addresses the termination of child support when the award has been made in globo and reads as follows:
"When an order or judgment awards child support in globo for two or more children, said child support award shall terminate automatically and without any action by the obligor to reduce, modify, or terminate the award when the youngest child for whose benefit the award was made attains the age of majority."
We agree with appellant the situation addressed in this statute is analagous to the situation at hand. Under this statute, even though one of the children reaches the age of majority, the paying parent cannot unilaterally reduce the amount of the child *319 support accordingly. Court action must be taken for any type of reduction. (See also, Halcomb, supra.) In the present case, even though one of the children was being supported directly by the father, the father cannot unilaterally reduce the amount of the child support.
We believe the above cited statute shows the legislature was cognizant of the rather peculiar nature of an in globo award. An in globo award is made in an attempt to give the mother a sum of money with which (in addition to her own resources) she can adequately support the children. The fact that one child no longer resides with the mother does not necessarily mean her expenses in supporting the family are reduced by that proportionate amount. Whereas in the situations in the Silas, Henson and Carraway cases, it would be undisputed that the mother no longer had any expenses for the children while they were all residing with their father; that is not the case when one of children remains with the mother and one resides with the father.
Appellant next contends the court erred in granting a credit in the amount of the insurance check. Again, under the principle of the foregoing authorities there must be proof of an affirmative agreement in order to justify any type of out-of-court modification of the award. The testimony on the circumstances surrounding the cashing of the check are conflicting. Plaintiff testified defendant gave her permission to sign his name to the check and to use the check to pay various medical expenses of the children. Defendant stated he knew nothing of the check until he was informed by the hospital that he had received an overpayment from the insurance company. He contacted the insurance company who sent him a photocopy of the endorsed check. He confronted plaintiff with the matter and considered taking legal action. A few weeks later he informed her he had reconsidered and was not going to make any claim for the money.
Regardless of which version of the incident we accept, we find no evidence the parties agreed the insurance check would be used in lieu of child support payments. Without such evidence we have no choice but to reverse the trial court's credit granted for this amount.
For these reasons, the judgment of the trial court is reversed insofar as it awarded credits to defendant. It is affirmed in all other respects. Costs are to be paid by defendant, Milton Vallaire.
REVERSED IN PART; AFFIRMED IN PART.
NOTES
[1] We note appellant's counsel has violated rule 2-12.4, Uniform Rules, Courts of Appeal, which requires appellant to set forth in his brief, "... a succinct syllabus or statement of the principles of law relied upon with corresponding citations of authority...." During oral argument before us, we allowed counsel ten days to supplement his brief.
[2] Although Mr. Vallaire claims he ceased paying child support because he had custody of one child he does not explain why he felt justified in refusing to pay the support for the other child residing with Mrs. Vallaire.
[3] The burden of proving a set-off against alimony or support payments is on the party asserting the set-off. Lynch v. Lynch, 422 So.2d 703 (La.App. 3d Cir.1982).