445 So.2d 143 (1984)
Verena Hargrove FEAZELL, Plaintiff-Appellant,
v.
John A. FEAZELL, Jr., Defendant-Appellee.
No. 83-435.
Court of Appeal of Louisiana, Third Circuit.
February 1, 1984.
*144 David A. Sheffield, Alexandria, for plaintiff-appellant.
Lauve & Hill, Blaise Hill, Alexandria, for defendant-appellee.
Before DOMENGEAUX, DOUCET and LABORDE, JJ.
DOUCET, Judge.
Plaintiff, Verena Hargrove Feazell, filed a rule to have past due alimony and child support made executory, wherein she sought attorney's fees, court costs and an order holding her ex-husband in contempt of court. The trial judge found the defendant, John A. Feazell, Jr., was indeed behind in alimony and child support payments, however, the defendant was given credit for payments made to third parties allegedly at plaintiff's request. Plaintiff appeals. We affirm.
The parties were divorced by decree dated March 19, 1976, wherein defendant was ordered to pay alimony in the sum of $200.00 per month and provide support for the parties' three minor children in the sum of $300.00 per month. Thereafter, plaintiff obtained a Judgment for Arrearages on June 6, 1976 whereby plaintiff avoided contempt by agreeing to pay past due sums at the rate of $100.00 per month. On August 1, 1976, defendant obtained a reduction in alimony to $100.00 per month. The present Rule for Arrearages sought clarification of the amount due from August 1, 1976 through December 1981. By stipulation it was agreed that defendant was $200.00 in arrears, on the aforementioned arrearages judgment, for the period of July 1976 through May 1977. In addition, defendant was in default at the rate of $400.00 per month from June 1977 through December 1981.
Included in the dispute is whether some of the checks which defendant gave plaintiff at Christmas time in 1977-1981 should be credited against the past due alimony and child support payments. The trial judge found that the checks in question should be credited against the arrearage, except one check payable to the order of "Cash" in the sum of $100.00.
Disagreement also exists pertaining to checks issued by Mr. Feazell with notations such as "clothes", "school supplies" and "doctor's bills". Plaintiff resists any credit for these items.
Another group of checks, totaling $4,145.82, payable to third parties, are also in dispute. The trial judge found that all of these checks, less those payable to the Tioga Baptist Academy in the sum of totaling $400.00, and Central State Life Insurance Company, totaling $394.67, should be credited. Thus the trial court was of the opinion that the cost of private school tuition and burial insurance should be borne by Mr. Feazell alone.
Payments totaling $956.08 which were made by defendant to Wabash Insurance Company are also in dispute. These payments were for hospital insurance and the trial judge agreed with defendant that plaintiff had requested defendant to take out the insurance.
After deducting those amounts which the trial judge found should be credited from the arrearage of $27,200.00, a balance of $2,703.38 remained, and that amount was made executory. Additionally, plaintiff was awarded $500.00 attorney's fees and *145 all costs. The trial court did not hold the defendant in contempt, being of the opinion that the defendant made a serious good faith attempt to meet his court-ordered obligations.
Appellant maintains the trial court erred in its calculation of alimony in arrears and further erred in allowing the aforementioned credits.
John A. Feazell, Jr. filed into evidence checks made payable directly to the plaintiff during the period of time covered by the hearing. The only resistance offered by the plaintiff in rule to this credit was her claim that she allocated $300.00 each year to Christmas gifts for the children, and considered the defendant to be in default by that amount each year. Mrs. Feazell testified that those additional sums were volunteered each Christmas by Mr. Feazell. Mr. Feazell testified that the plaintiff requested some additional funds each Christmas, made payable directly to her order, and she was permitted to spend those funds in any manner in which she desired. A notation on the check shows "Christmas for children". There was no testimony as to who made the notation on that check although there was an admission on the part of Verena Hargrove Feazell that she made various notations on each of the checks as received. Notably, during this month, there was no so-called alimony and child support check. It is plaintiff's position that these payments were intended to be in addition to any other support and she would purchase gifts for the children on the father's behalf.
With regard to payments made to third parties, the plaintiff resists the allowance of this credit by citing to this Court the jurisprudence to the effect that a party who is the payee of an alimony and child support judgment is entitled to spend the payments as that party chooses, and that if the payor makes unilateral payments to some third party, which benefits the persons whom the payor is required to support, then no credit for those payments is received. Odum v. Odum, 273 So.2d 576 (La.App. 1st Cir.1973); Thompson v. Courville, 372 So.2d 579 (La.App. 3rd Cir.1979). Defendant contends his actions were not unilateral, rather, payments by him to dentists, doctors and other third parties on behalf of the children and Mrs. Feazell, were made at her request. Thus, Mr. Feazell claims he is entitled to a credit against the alimony and child support obligation owed to Mrs. Feazell.
The record indicates that Verena Hargrove Feazell would request John A. Feazell, Jr. to make payments direct to the third parties from "her money". Among these third party payments are two checks, with regard to which Mrs. Feazell admits that she had placed these clothes on layaway for the children near school time, and desired that Mr. Feazell make those payments on her behalf. Two other payments are as follows: 1) Central State Life Insurance Company $394.68, 2) Tioga Baptist Academy $400.00. Defendant acknowledges that these were made by him on his own accord, and therefore, no credit is owing for these two payments.
Mrs. Feazell testified that she asked Mr. Feazell to maintain hospitalization insurance on her behalf, and that she would pay him back one day although she could not afford to have her monthly payments deducted from her alimony check. The trial judge found Mr. Feazell acted in accordance with her request, and therefore he was entitled to an offset against alimony owed to her.
It is well settled that parents may agree to modify the terms of child support obligations and such an agreement will be given effect if it is in the interest of the children. Gomez v. Gomez, 421 So.2d 426 (La.App. 1st Cir.1982); Duplechan v. Duplechan, 270 So.2d 264 (La.App. 3rd Cir. 1972). Where such an agreement exists, a non-custodial parent father may satisfy his obligation of child support in ways other than direct payment. Hamilton v. Hamilton, 421 So.2d 291 (La.App. 1st Cir.1982); In the Matter of Andras, 410 So.2d 328 (La.App. 4th Cir.1982); Powell v. Barsavage, 399 So.2d 1308 (La.App. 4th Cir.1981); *146 Blankenship v. Blankenship, 382 So.2d 982 (La.App. 1st Cir.1980); Seifert v. Seifert, 374 So.2d 157 (La.App. 1st Cir.1979).
The trial court has great discretion in determination of factual matters such as the existence of any agreement relative to child support and, in the absence of an abuse, its decision will not be overturned on appeal. The trial judge was fully aware of the rules relative to child support payments as evidenced by the parties' excellent pre-trial briefs.
The trial judge, after evaluating the parties' credibility, was satisfied the father carried his burden of proving agreement as to those items credited. This court will not allow itself to be put in a position of accountant, computing every contribution made towards the minors' support. We find no manifest error in the trial judge's finding that payments made by appellee to various creditors on the wife's behalf were made with her knowledge and consent and, therefore, we will not disturb same on review. Accord: Hamilton v. Hamilton, supra.
For the above and foregoing reasons, the judgment appealed is affirmed at appellant's cost.
AFFIRMED.