457 So.2d 815 (1984)
Toni Marie R. HENDRIX
v.
Donald Otis HENDRIX.
No. 83 CA 1109.
Court of Appeal of Louisiana, First Circuit.
October 9, 1984.
*816 James R.E. Lamz, Slidell, for plaintiff, appellant.
Donald Otis Hendrix, defendant-appellee, in pro. per.
Before COLE, CARTER and LANIER, JJ.
LANIER, Judge.
This matter commenced as a rule by a divorced wife for $647.17 in delinquent child support, contempt of court against the husband for failure to pay child support, reimbursement of medical and dental expenses and a $1,000 attorney fee for prosecuting the child support claim. The district court rendered judgment in favor of the wife for past due child support of $150, with legal interest thereon from date of judicial demand until paid. Judgment was rendered in favor of the husband dismissing the contempt citation and denying the claim for an attorney fee. No judgment was rendered on the claim for reimbursement of medical and dental expenses. The district judge also ordered the husband to make all future child support payments directly to the wife. The wife took this devolutive appeal.

I. FACTS
On May 22, 1971, Toni[1] and Donald Hendrix were married. One child, Brian, was born of the marriage on January 12, 1973. On February 6, 1981, Mrs. Hendrix filed suit for a divorce. On May 20, 1981, Mr. Hendrix filed a separate suit for divorce and custody of the child. The two suits were consolidated for trial. On February 2, 1982, a judgment of divorce was rendered in favor of Mr. Hendrix; Mrs. Hendrix was awarded custody of their minor child and was granted $150 per month child support; and Mr. Hendrix was ordered to maintain their child on his insurance policies.

*817 DELINQUENT CHILD SUPPORT PAYMENTS
At the hearing on the rule, Mrs. Hendrix testified that Mr. Hendrix missed the following payments: June, 1982$75; July $75; August$25; September$75; November$100; March, 1983$150; April $75; and June$75 (for a total amount due of $650). Mr. Hendrix admitted that he owed the amounts claimed by Mrs. Hendrix for April and June, 1983, but claimed he missed these payments because he had to make repairs to his vehicle and Mrs. Hendrix said it was all right. Mr. Hendrix further claimed the remaining payments were not made to Mrs. Hendrix but were made for the child and were "made in other ways such as doctor appointments, school lunch fees, school supplies, football, basketball, things to do with his yearly activities." To support his contention, Mr. Hendrix submitted an itemized list of expenditures and cancelled checks. Mrs. Hendrix denied that she gave him permission to make these payments to others, except to pick up a Sears suit, and the rest "he has done this on his own".
The district court judge ordered Mr. Hendrix to pay $150 as past due child support and to make all future payments directly to Mrs. Hendrix. In his written reasons for judgment, the district court judge stated, "[t]he Court rendered this judgment in light of the evidence produced at the trial of the rule with the thought to do justice to both sides in this matter." Mrs. Hendrix contends on appeal that the trial court erred in giving Mr. Hendrix credit for payments he made to others on behalf of their minor child.
Justice or equity will not nullify or reduce an accumulated alimony or child support award until the judgment is altered or amended by a subsequent judgment or is terminated by operation of law. Vallaire v. Vallaire, 433 So.2d 315 (La.App. 1st Cir.1983); Thompson v. Courville, 372 So.2d 579 (La.App. 3rd Cir.1979). The party to whom the alimony or child support award is made is the party entitled to those payments and is the owner thereof. Halcomb v. Halcomb, 352 So.2d 1013 (La. 1977); McManus v. McManus, 428 So.2d 854 (La.App. 1st Cir.1983). That person is entitled to spend the payment as he or she chooses. McManus, 428 So.2d at 856; Seifert v. Seifert, 374 So.2d 157 (La.App. 1st Cir.1979). Alimony or child support remains in full force and effect in favor of the party to whom it is awarded until the party ordered to pay it has the judgment modified or terminated by a court. Halcomb, 352 So.2d at 1015-1016; Weatherspoon v. Weatherspoon, 433 So.2d 319 (La. App. 1st Cir.1983). However, this court held in Weatherspoon, 433 So.2d at 321, and Vallaire, 433 So.2d at 317-318, there are two jurisprudential exceptions to this rule: (1) when the evidence shows the parties have clearly agreed to waive or otherwise modify the court-ordered payments, or (2) when the mother has voluntarily placed custody of all the children with the father.[2]
In the instant case, the second exception is inapplicable because Mrs. Hendrix has not voluntarily surrendered custody of the minor child and still retains custody. Therefore, the judgment granting Mr. Hendrix credit for payments made to others must have been based on a finding that an agreement was entered into between the parties modifying the court-ordered payments.
For such an agreement to be effective, the parties must clearly agree to the modification. The burden of proof is on the party claiming the agreement to prove its existence. Gomez v. Gomez, 421 So.2d 426 (La.App. 1st Cir.1982). The district court has great discretion in determining factual matters, such as the existence of any agreement relative to child support, and, in the absence of abuse, its decision will not be overturned on appeal. Feazell v. Feazell, 445 So.2d 143 (La.App. 3rd Cir. 1984).
A review of the testimony of the parties does not reveal that an agreement *818 existed between them which authorized Mr. Hendrix to satisfy his support obligation by paying others for expenses incurred on behalf of the child. Mr. Hendrix acted unilaterally and not by agreement with Mrs. Hendrix. By granting the award of $150 for April and June of 1983, the district court apparently rejected the testimony of Mr. Hendrix that he used this money for vehicle repair with the consent of Mrs. Hendrix. The district court judgment for past due child support is clearly wrong.
The district court's award of $150 for past due support is increased to $650.

LEGAL INTEREST
The trial court awarded legal interest on the past due child support "from the date of judicial demand until paid." Mrs. Hendrix contends on appeal that legal interest on an award of past due child support should be granted for each installment from its date due.
It is well settled that a party awarded past due child support is entitled to legal interest on each past due installment from the date the installment was due until paid. Miller v. Miller, 321 So.2d 318 (La.1975); Manuel v. Manuel, 443 So.2d 729 (La.App. 4th Cir.1983); Chaudoir v. Chaudoir, 430 So.2d 280 (La.App. 3rd Cir.1983); Hamilton v. Hamilton, 421 So.2d 291 (La.App. 1st Cir.1982).
The district court's judgment awarding legal interest from date of judicial demand is clearly wrong and is reversed. Legal interest is awarded to Mrs. Hendrix on each past due child support payment from date each installment was due until paid.

MEDICAL EXPENSES
The district court judgment did not rule on Mrs. Hendrix's claim for reimbursement of medical expenses. Silence in a judgment as to any part of a demand made in a litigation is construed as a rejection of that part of the claim. Succession of Kelly v. Schauff, 323 So.2d 243 (La.App. 1st Cir. 1975). Mrs. Hendrix contends in an assignment of error that she is entitled to be reimbursed for these expenses.
Mrs. Hendrix testified that she paid the following medical expenses on behalf of their child: drugs$16.76; Dr. Lindsay $182.00; and Dr. Guevara$92.00 (for a total of $290.76). She submitted the bills to Mr. Hendrix for reimbursement, but she has not been paid.
Mr. Hendrix was ordered in the divorce judgment to carry his child on his insurance policies. He testified that the child is covered on his medical and dental insurance policy with Governmental Employees Insurance Company. He acknowledged that he has not reimbursed Mrs. Hendrix for these expenses, but he did supply her with medical and dental forms for Blue Cross (his previous insurer) and all she had to do was send them in to her doctor. Mrs. Hendrix denied receiving any forms and claimed she was told by Mr. Hendrix that he would bring the form down to Dr. Lindsay. She testified that Mr. Hendrix gave her his word that he would settle this and file the insurance form.
The testimony at the hearing supports the district court's finding that Mr. Hendrix has complied with the order requiring him to maintain insurance on their minor child. However, it is obvious that a conflict exists between the parties concerning the procedure for filing the insurance claims. The district judge told Mr. Hendrix in court to "[m]aintain the child on the insurance policies, make them available to the mother of the child and let's solve this thing." Although it may be more convenient for Mrs. Hendrix to fill out the forms because of her knowledge of the medical expenses incurred for the child while in her custody, we feel that it is the responsibility of Mr. Hendrix, as the insured under the policies, to submit the claims to his appropriate insurance company.
A judgment ordering a person to be covered by another's insurance is meaningless if there is no cooperation to secure payment under the coverage. The coverage ordered in the instant case is for the benefit *819 of the child. It is part of the support obligation of the husband. Because Mrs. Hendrix has custody, she is primarily responsible for providing health care for the child. If she is required to make a cash outlay to secure treatment, she is entitled to reimbursement if the treatment is covered by the insurance ordered in the judgment.
Therefore, in the interest of justice, Mr. Hendrix is ordered to submit a claim to his appropriate insurer for the medical expenses incurred on behalf of the child which have been paid by Mrs. Hendrix and give any insurance reimbursements to Mrs. Hendrix. Mrs. Hendrix is responsible for any deductible amounts and any amount not subject to the coverage. This procedure shall also apply to all future medical expenses paid by Mrs. Hendrix on behalf of the child for which Mr. Hendrix has coverage.

ATTORNEY FEES
Mrs. Hendrix requested a reasonable attorney fee for the prosecution of the rule. This claim was denied by the district court. Mrs. Hendrix contends the district court abused its discretion in denying her demand for an attorney fee for prosecution of the rule and seeks an additional attorney fee award for the prosecution of this appeal.
La.R.S. 9:305 provides for attorney fees in child support proceedings, in pertinent part, as follows:
When the court renders judgment in an action to make past due ... child support executory, ... except for good cause, the court shall award attorney fees and costs to the prevailing party.
The trial court has discretion in denying attorney fees if good cause is shown for nonpayment of the child support. Davis v. Davis, 428 So.2d 1195 (La.App. 5th Cir.1983). Mr. Hendrix's attempt to pay his child support obligation in ways other than by direct payments to Mrs. Hendrix is not good cause because no agreement existed between the parties for such payment. Cf. Thompson v. Thompson, 428 So.2d 858 (La.App. 1st Cir.1983); Hamilton, 421 So.2d 291. The judgment denying this claim is clearly wrong and is reversed.
Mrs. Hendrix is awarded an attorney fee of $250 for the prosecution of the child support rule. Since Mrs. Hendrix was successful in this appeal in having the amount of arrearage increased (from $150 to $650), she is also awarded a $200 attorney fee for prosecuting this appeal. Cf. Hamilton, 421 So.2d at 291.

DECREE
For the foregoing reasons, the judgment awarding past due child support payments is amended to increase the award to $650; the judgment granting legal interest on the past due child support payments from date of judicial demand is reversed and legal interest is granted on each past due payment from its date due until paid; and the judgment denying the claim for an attorney fee is reversed and appellant is awarded an attorney fee of $250 for the child support rule and an additional $200 fee for this appeal.[3] The district court judgment is further amended to order Mr. Hendrix to submit a claim to his insurer for $290.76 for medical expenses incurred by Mrs. Hendrix on behalf of their child and transmit any insurance payments received by him to Mrs. Hendrix; Mrs. Hendrix is responsible for payment of any portion of the claim which is not covered by insurance or for which a deductible is applicable. Mr. Hendrix is cast for all costs.
AMENDED AND AFFIRMED IN PART; REVERSED AND RENDERED IN PART.
NOTES
[1] Mrs. Hendrix apparently remarried and was referred to at the hearing on the rule as Toni Hendrix Sollberger. For purposes of simplicity, she will be referred to in this opinion as Mrs. Hendrix.
[2] The second exception has only been recognized by the Second Circuit thus far.
[3] Appellant did not appeal the dismissal of the contempt citation and that judgment is now final.