594 So.2d 1129 (1992)
Rita HENDRICKS, Plaintiff-Appellee,
v.
Emmett HENDRICKS, Defendant-Appellant.
No. 90-853.
Court of Appeal of Louisiana, Third Circuit.
February 20, 1992.
Lunn, Irion, Johnson, Salley & Carlisle, Julia A. Mann, Shreveport, for defendant-appellant.
Gahagan & Gahagan, Fred S. Gahagan, Natchitoches, for plaintiff-appellee.
Before DOMENGEAUX, C.J., STOKER, J., and MARCANTEL[*], J. Pro Tem.
DOMENGEAUX, Chief Judge.
Emmett Hendricks appeals a trial court judgment ordering him to pay $4,845.00 in past due child support to his former spouse, Rita Hendricks. For the following reasons, we affirm.
Emmett and Rita Hendricks were married on December 19, 1965, with one child, Casey, being born of the marriage. On April 12, 1988, Rita obtained a judgment granting her a divorce and ordering Emmett to continue paying the previously fixed sum of $400.00 per month in child support.
On February 7, 1990, Rita filed a rule to show cause, alleging Emmett was in arrears in his child support payments. After a hearing, the trial court found Emmett to be $7,400.00 in arrears, but allowed a credit of $2,555.00 representing Social Security benefits paid to Casey during a 13 month period in which Emmett was totally disabled. On May 10, 1990, the trial court signed a judgment making the past due balance of $4,845.00 executory.
*1130 On appeal, Emmett alleges the trial court should have relieved him of his child support obligation while he was totally disabled because during that time he was bedridden and, therefore, was physically unable to make a court appearance to seek a modification of the child support award. In the alternative, Emmett alleges the trial court erred in failing to allow an equitable credit for the months in which he alleges Casey lived with him.
Alimony or child support remains in full force and effect in favor of the party to whom it is awarded until the party ordered to pay has the judgment modified or terminated by a court. Halcomb v. Halcomb, 352 So.2d 1013 (La.1977). The exception to this rule is when the parties have clearly agreed to waive or modify court ordered payments. Dubroc v. Dubroc, 388 So.2d 377 (La.1980).
Emmett did not seek judicial modification of the court ordered support award, nor does he allege that he and his former spouse agreed to a suspension or modification of his child support payments. He argues that he is entitled to equitable relief because, although his circumstances clearly warranted a modification of the child support award, he was physically unable to assert his claim. However, the principle followed by all circuits has been that justice or equity will not nullify or reduce an alimony or child support award until the judgment is altered or amended by operation of law. Hendrix v. Hendrix, 457 So.2d 815 (La.App. 1st Cir.1984). To grant Emmett the relief he requests under the facts of this case would in effect create new grounds for an out of court modification, in addition to the one exception recognized in Dubroc. Considering Emmett's failure to seek a judicial modification of the child support award and the absence of any evidence supporting an agreement between Emmett and Rita to suspend the support payments, we find no error in the trial court's refusal to allow Emmett a credit during his disability.
Emmett next argues he is entitled to a credit for four months when Casey lived with him. Although Emmett presented evidence on this issue at the hearing, the judgment and reasons for judgment are silent as to this question. Silence in a judgment as to any part of a demand made in litigation is construed as a rejection of that part of the demand, Hendrix, supra.
Since the Dubroc decision, which allows the parties to agree to an out of court modification of a child support award, the courts have held that child support can be suspended by implied agreement, where it is found that the mother delivered the physical custody of the children to the father, even when the mother did not specifically agree to the suspension of payments.[1]Bagby v. Dillon, 434 So.2d 654 (La.App. 3d Cir.1983), writ denied, 440 So.2d 150 (La. 1983); Sims v. Sims, 422 So.2d 618 (La. App. 3d Cir.1982), writ denied, 427 So.2d 870 (La.1983). However, the issue of suspension of child support during extended periods of visitation is a matter within the trial court's discretion and is determined on a case by case basis. McCoy v. McCoy, 541 So.2d 1006 (La.App. 3d Cir.1989). After reviewing the record, we find no error in the trial court's implied denial of the credit requested by Emmett.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to defendant-appellant, Emmett Hendricks.
AFFIRMED.
STOKER, J., dissents and assigns written reasons.
STOKER, Judge, dissenting.
With respect, I dissent. While authority exists for the proposition that justice or equity will not nullify or reduce alimony or child support until a judgment of court so provides, I dissent because I do not think *1131 this proposition should apply in all cases. It certainly should not be absolute. I think there are cases such as the one before us where justice and equity should be applied to grant relief. The trial judge obviously would have done so if he had thought that he could, and I believe the majority in this appeal are of like mind. They have conscientiously applied the law as they see it.
To make my point, I refer first to the trial judge's findings, and for that purpose I set forth his reasons for judgment in full:
"REASONS FOR JUDGMENT
"This matter is before the court on a petition by RITA HENDRICKS, seeking to make past due child support payments executory.
"The facts of this case are uncontroverted. The evidence shows that Mr. Hendricks was ordered to pay child support and paid his child support on a regular and continuing basis until he fell ill with cancer. Mr. Hendricks was a very sick man for approximately two years and apparently both he and Mrs. Hendricks felt that the cancer would be terminal. As a result of her belief that Mr. Hendricks cancer would be terminal, Mrs. Hendricks took no steps to enforce her judgment. Mr. Hendricks, likewise believing that his cancer was terminal, took no steps to seek a reduction since he was too ill to do so and was preoccupied with living from one day to the next. Amazingly, Mr. Hendricks recovered and has now returned to full employment. Many months after he had recovered and had resumed making his child support payments Mrs. Hendricks became angry with Mr. Hendricks for reasons totally unassociated with this litigation and demanded that he pay all past due amounts. Mr. Hendricks raises the equitable defense that had he not been bedridden, thereby preventing him from making a court appearance, coupled with the fact that he was clearly entitled to termination of the child support payments due to the condition that was believed by everyone to be terminal, that he should be relieved from paying those sums which accrued during the period when he was so ill.
"The court has reviewed the very helpful briefs that have been submitted by counsel for both parties and it is clear that had Mr. Hendricks been able to come into court and assert his claim he would have been entitled to relief. However, this issue has never been before the appellate courts of this state, that the court can find in its research, therefore, this court must be guided by the appellate decisions which hold that the payments become due until such time as they are terminated or reduced by order of the court, agreement of the parties or death of the payor or payee.
"Seven thousand, four hundred ($7,400.00) dollars accrued during the period in question. The sum of $2,555.00 was paid by social security when it became apparent that Mr. Hendricks condition was terminal. As a result, he is entitled to a credit for the $2,555.00 leaving the balance due of $4,845.00 which will be made executory."
The majority in this case bases its affirmance of the trial court's judgment on the cases of Halcomb v. Halcomb, 352 So.2d 1013 (La.1977), and Hendrix v. Hendrix, 457 So.2d 815 (La.App. 1st Cir.1984). I respectfully suggest that reliance on these cases is improper. Neither of these cases involved a non-custodial parent who sought to be relieved of the obligation of paying accrued child support because of a physical disability rendering the obligor totally unable to earn income during the period in question.
In Slagle v. Slagle, 205 La. 694, 17 So.2d 923 (La.1944) the Louisiana Supreme Court made it clear that inability to work called for the suspension of alimony awarded by the trial court for the period of the disability. Although this discussion did not involve relief from the obligation to pay accrued alimony, I see no reason why justice and equity should deny extension of this rule to alimony or child support arrearages. At least one court of appeal has done so. Vosbein v. Vosbein, 506 So.2d 215 (La.App. 5th Cir.1987). In the case before us, the *1132 child, Rita Hendricks, would have fared no better if her parents had continued to live together. Her father, the defendant-in-rule, could not have contributed to her support during the time cancer totally disabled him. Yet, because of the divorce and the inappropriate application of the Halcomb and Hendrix cases, Casey's mother is granted a judgment for arrearages. This represents neither justice, equity nor reason.
Although Halcomb v. Halcomb, supra, appears to announce an inflexible rule founded on a proper regard for the integrity of judgments, I fail to see how giving relief to Mr. Hendricks in this case would undermine the integrity of judgments or the orderly process of law. Halcomb involved an able bodied attorney who, on his own and without court authority, proportionately reduced an in globo award of child support as each of his three children reached majority or became emancipated by marriage. The supreme court held this unilateral action was self-help, unauthorized by law, and announced the rule that in an absence of a suit, the prior support judgment could not be altered or modified. Considering the facts of Halcomb, I fail to see how giving Mrs. Hendricks relief in this case would be inconsistent with the supreme court's Halcomb ruling. Bedridden with cancer, Mr. Hendricks took no action to seek a reduction in his child support obligation. Had he done so (assuming that he was physically able to have done so), he would have been given relief. Now, he is unexpectedly well, and the majority's holding is that Mrs. Hendricks may have a judgment for child support arrearages. I do not see that it is necessary to do this in order to accord "proper regard for the integrity of judgments."
Under the circumstances of this case, I do not believe that the supreme court would require that its holding in Halcomb be applied here. In Vallaire v. Vallaire, 433 So.2d 315 (La.App. 1st Cir.1983), the court of appeal, first circuit, discussed Halcomb and other cases and said "[t]he general rule in Louisiana is [that] an alimony or child support judgment remains in full force and effect in favor of the party to whom it is awarded until the party ordered to pay it has the judgment modified or terminated by a court." (Emphasis supplied.) The first circuit Vallaire court discussed the policy reason behind the general rule (avoidance of self-help), but the reason discussed has nothing to do with payors like Mr. Hendricks who for periods of time are simply unable to pay.
In Hendrix v. Hendrix, a subsequent first circuit case, the court cites its Vallaire decision for the overly broad proposition that "[j]ustice or equity will not nullify or reduce an accumulated alimony or child support award until the judgment is altered or amended by a subsequent judgment or is terminated by operation of law." The Hendrix court dropped the qualifier "generally" used in Vallaire. I think the Hendrix statement is entirely too broad, but I would at least qualify it to limit it to "self-help" cases.
We should note that, contrary to the broad sweeping statement in Hendrix, our courts have not hesitated to apply equity in those cases in which credit is given for social security payments made for child support based on the inability of a non-custodial parent to make child support payments because of disability. See Slagle v. Slagle, supra; Faul v. Faul, 548 So.2d 957 (La.App. 3d Cir.1989); McCloud v. McCloud, 544 So.2d 764 (La.App. 3d Cir. 1989); Vosbein v. Vosbein, 506 So.2d 215 (La.App. 5th Cir.1987); Folds v. Lebert, 420 So.2d 715 (La.App. 4th Cir.1982); Lockwood v. Lockwood, 175 So.2d 313 (La.App. 2d Cir.1965).
For the reasons given above, I would grant Mr. Hendricks relief for the period he was disabled by cancer.
NOTES
[*] Honorable Bernard N. Marcantel participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] In Hebert v. Hebert, 159 So.2d 537 (La.App. 3d Cir.1964), this court refused to allow such a credit in the absence of a judicial modification of the support award. Although the Hebert case has been criticized and questioned, see Lachney v. Lachney, 399 So.2d 731 (La.App. 3d Cir.1981), it has never been expressly overruled. The interpretation given Dubroc by the various circuits shows that Hebert is no longer followed, and apparently, has fallen by the wayside.