404 So.2d 1268 (1981)
Cherie Paysse, wife of Norman LeGLUE, Jr.
v.
Norman LeGLUE, Jr.
No. 11580.
Court of Appeal of Louisiana, Fourth Circuit.
July 30, 1981.
Rehearing Denied October 20, 1981.
John G. Villarrubia, Metairie, for defendant-appellee.
Greenberg & Dallam, Roger I. Dallam, Gretna, for plaintiff-appellant.
Before GULOTTA, GARRISON and CHEHARDY, JJ.
GULOTTA, Judge.
The sole issue in this appeal is whether the trial judge erred when he denied Cherie Paysse LeGlue's rule to make past due support payments executory.
At the time of the voluntary separation between the parties, in June 1973, it was agreed that two thirteen-year-old twin girls would live with the father, and the remaining two younger girls with their mother. In a November 8, 1973 judgment decreeing a separation from bed and board between the parties, the custody of the four minor children was granted to the mother who was awarded $200.00 per month alimony and $200.00 per month child support. Thereafter, on August 25, 1975, a decree of divorce was rendered and the custody of the four minor children with the mother, as well as the alimony and support award as ordered in the separation, was carried over into the divorce decree.
From August, 1975 up to the time of the hearing of the rule, Norman LeGlue paid his divorced wife $200.00 per month in alimony and $100.00 per month for the support of the two minor children residing with her. According to Norman, he deducted $100.00 per month from the support award because two of the four children were living for a time with him and later with his mother to whom monthly support payments were being made. Based on defendant's non-compliance with the support order, Cherie LeGlue claims entitlement to a stipulated *1269 unpaid accumulated amount of $5,625.00.[1]
It is the divorced wife's contention on appeal that the custody arrangements (the elder daughters to live with the husband and the younger daughters to live with the wife) were agreed upon when the parties separated and, although the custody decree placed the legal custody of the four children with her, it was understood and contemplated by the parties that the $200.00 support award was support for the two children living with her. Cherie LeGlue further claims the trial judge erred in finding that a mutual agreement to reduce support was made between herself and Norman. According to plaintiff in rule, defendant unilaterally deducted the support amount from $200.00 per month to $100.00 per month, and she is entitled to enforcement of the support order.
We do not agree. Accordingly, we affirm.
It is undisputed that the parties agree that the two older girls would live with their father and the two younger girls would remain with their mother. What is disputed is that an agreement was made to reduce the monthly support award from $200.00 to $100.00. We point out that although the trial judge transferred the custody of the two older children to the father in response to Norman's rule for transfer of custody, which was heard in connection with the rule to make support payments executory, no appeal from that custody award has been taken by the mother.
In well written reasons for judgment, the trial judge stated in pertinent part:
"Both parties also agreed that $100.00 is the correct amount deducted each month by the husband since the last judgment rendered August 25, 1975."
The trial judge further concluded:
"However at the time of the August 25, 1975 judgment, the wife and husband mutually agreed that it would be in the best interest of the two oldest daughters that they remain with their father wherein Mr. LeGlue's mother could help care for them. Consequently, the husband deducted $100.00 per month from the child support payments representing one half of the total award.
Four years later on September 6, 1979, the wife filed a rule seeking to have the $100.00 per month deductions made executory.
This Court finds as a matter of fact that both parties mutually agreed that the two oldest daughters would live with their father and that the father, Norman LeGlue, Jr., fed, clothed and sheltered the two oldest daughters during this period and continues to do so to this day."
The instant case falls within the ambit of Dubroc v. Dubroc, 388 So.2d 377 (La.1980) where the Supreme Court held that an agreement between divorced parents to suspend support payments under a judgment while the father supports and maintains the child in his home is enforceable if it promotes the best interest of the child.
Although the wife testified that she had not agreed to a reduction in support, the trial judge obviously accepted the father's testimony that there was a mutual agreement for the deduction. We find no error in the trial court's conclusion. The record is replete with evidence from both parties that the father incurred medical expenses and other expenses for one of the two children residing with him who is suffering from retardation. Furthermore, the divorced wife acknowledged that other expenses were incurred by the father on behalf of the two children living with her. Moreover, the undisputed agreement regarding the living arrangements of the four children is supportive of the trial court's conclusions.
We further find no merit to the wife's contention that she is entitled to an arrearage of $625.00 based on the husband's alleged payment of less than $100.00 per month child support to her on certain occasions. Although the husband's record of payments indicates the wife received lesser *1270 amounts at various times, the husband testified that he has paid $200.00 per month or more for support of the four children when all medical bills and tuition are considered. According to his present wife, reductions in the payments to the ex-wife were prompted by large medical expenses or other expenditures for the children. We find no error.
We likewise find no error in the trial court's denial of the wife's claim for attorney's fees. LSA-R.S. 9:305 provides for an award of attorney's fees and costs to the prevailing party in an action to make past due support executory.[2] In our case, the wife did not prevail in her action for past due support and she is not entitled to attorney's fees.
Having so concluded, we affirm the judgment of the trial court.
AFFIRMED.
NOTES
[1] A stipulation was entered into between the parties to the effect that if the trial judge should find that the divorced wife is entitled to an award for past due support, that amount totals $5,625.00.
[2] LSA-R.S. 9:305 provides:

"§ 305. Attorney fees in alimony and child support proceedings
When the court renders judgment in an action to make past due alimony or child support executory, except for good cause, the court shall award attorney fees and court costs to the prevailing party.
Added by Acts 1977, No. 462, § 1. Amended by Acts 1978, No. 693, § 1; Acts 1979, No. 326, § 1."