729 So.2d 83 (1999)
Glinda D. BRASFIELD
v.
James Michael BRASFIELD.
No. 98-CA-1021.
Court of Appeal of Louisiana, Fifth Circuit.
February 23, 1999.
*84 Leonard H. Rubenstein, New Orleans, LA, for Plaintiff-Appellee.
Linda Davis-Short, Nelson J. Cantrelle, Jr., Gretna, LA, for Defendant-Appellant.
Panel composed of Judges CHARLES GRISBAUM, Jr. and EDWARD A. DUFRESNE, Jr., and THOMAS C. WICKER, Jr., J. Pro Tern.
DUFRESNE, Judge.
The defendant, James Michael Brasfield, appeals the judgment of the trial court ordering him to pay past due child support. For the reasons set forth herein, we affirm in part and vacate in part.
Glinda Dale Brasfield, plaintiff/appellee, and James Michael Brasfield, defendant/appellant, were married to each other on September 16, 1987. Of this union, three children were born, namely, Jayme Brasfield, born March 20, 1976, Jessica Brasfield, born September 11, 1980, and James Michael Brasfield, II, born November 12, 1981. Glinda and James Brasfield were subsequently divorced by a judgment issued on January 10, 1990 in the Chancery Court of Lee County, Mississippi. In this judgment, custody of the children were awarded to Glinda Brasfield, subject to the reasonable visitation rights of James Brasfield. The judgment also ordered James Brasfield to pay child support in the amount of $450.00 per month until the youngest child reached the age of twenty-one years, married, or became emancipated, or until further order of a court.
Pursuant to a petition filed by Glinda Brasfield, the divorce judgment was recognized and made executory in the Twenty-Fourth Judicial District Court for the Parish of Jefferson on March 13, 1998. At the same time, Mrs. Brasfield requested the court to fix the amount of any past due child support, make the judgment for arrearages executory, and issue a wage assignment. The motion for past due child support came for hearing on May 11, 1998, and was thereafter taken under advisement by the trial judge. After considering the evidence presented, the court rendered judgment on July 27, 1998, in favor of plaintiff, Glinda Brasfield, in the amount of $21,550.00 for past due child support through May 11, 1998, together with legal interest from date of judicial demand, and all costs of the proceedings. From this judgment, James Brasfield now appeals.
On appeal, Mr. Brasfield argues that he and his former wife had entered into an agreement to modify or terminate the child support obligation and therefore, the trial judge erred in ordering him to pay past due child support. Mr. Brasfield further argues that at the very minimum, the trial judge should have found that an implied agreement existed between the parties during the time that he had physical custody of the children, and thus, the trial judge erred in failing to give him credit for those time periods.
The general rule in Louisiana is that a child support judgment remains in full force and effect in favor of the party to whom it is awarded until that judgment is modified or terminated by the court. Fouquet v. Fouquet, *85 442 So.2d 787 (La.App. 5 Cir.1983). However, our courts have recognized that a judgment awarding child support can be extrajudicially modified by agreement of the parties. Such an agreement must meet the requisites of a conventional obligation and must foster the continued support and upbringing of the child. Dubroc v. Dubroc, 388 So.2d 377 (La.1980); Palmer v. Palmer, 95 0608 (La.App. 1 Cir. 11/9/95), 665 So.2d 48.
The burden of proof is upon the person seeking to modify his obligation. There must be a clear showing that the parties agreed to the change and the change must not be detrimental to the child. Timm v. Timm, 511 So.2d 838 (La.App. 5 Cir. 1987). Failure to protest or acquiesce in a unilateral reduction does not defeat an action for arrearages or amount to a waiver. New v. New, 93-702 (La.App. 5 Cir. 1/25/94), 631 So.2d 1183.
Generally, the only way to satisfy an obligation to pay child support is to pay the party to whom it is awarded. However, courts have held that child support can be suspended by implied agreement, where it is found that the mother delivered the physical custody of the children to the father, even though she did not specifically agree to the suspension of the child support payments. Goss v. Goss, 95-1406 (La.App. 3 Cir. 5/8/96), 673 So.2d 1366. Whether there exists an agreement between parents to suspend or modify support payments is a question of fact. The trial court is vested with great discretion in determining factual matters; in the absence of manifest error, its decision will not be overturned. Tuey v. Tuey, 546 So.2d 235 (La.App. 2 Cir.1989); Timm v. Timm, supra.
In the present case, it is undisputed that Mr. Brasfield did not pay the amount of child support ordered in the May 1990 judgment. However, there was much conflicting evidence presented to the trial judge regarding the existence of an extrajudicial agreement to modify the support award, the amount of child support owed, and the living arrangements of the parties.
At the May 11, 1998 hearing, Mrs. Brasfield claimed that her former husband owed her $21,150.00[1] for past due child support. According to Mrs. Brasfield, this calculation was based on the amount owed for the past five years, from March 1993 through April 1998, and included credit for time that the children lived with their father as well as credit for payments that Mr. Brasfield had actually made. During her testimony, Mrs. Brasfield consistently denied that she had entered into any agreement with Mr. Brasfield to reduce the amount of support owed. Mrs. Brasfield admitted that there were certain time periods that the children lived with their father, but claimed that she continued to provide support for them, with the exception of a three month period in 1994.
In contrast to this testimony, Mr. Brasfield claimed that the parties did enter into extrajudicial agreements whereby child support would be suspended. According to Mr. Brasfield, he did not owe any child support for 1993 because the parties lived together in the same house, and in addition, he worked for her company without being paid. He claimed that it was verbally understood that they were a family and that he was not going to pay child support at this time. Also, he claimed that in 1994 he did not owe any child support because during part of the year they still lived together as a family and during the remainder of the year he was left there by himself with the kids. He also claimed that he signed the house over to his former wife for $10.00 with the understanding that he would not owe her anything including child support payments. Mr. Brasfield admitted that there were certain periods that the children lived with him; however, he claimed that the mother provided no support during those time periods and further that there was an agreement that when the children were living with him, he did not have to pay any child support.
*86 In addition to the testimony of Mr. and Mrs. Brasfield, two of their children were called as witnesses. James Brasfield, II, testified that he has been living with his father for about a week, and prior to that, he lived with his mother. At one point, he lived with his sister, Jayme, for about three months, at which time his mother helped with some of the expenses. James further testified that he heard conversations between his father and mother about an agreement whereby his father would not pay child support; however, he claimed that the agreement changed several times.
Jayme Brasfield Sapp, their daughter, testified that during the several months that her younger brother stayed with her, she received money from both her father and mother.
Faced with this conflicting evidence, the trial judge apparently accepted the testimony of Mrs. Brasfield that no extrajudicial agreement to modify child support had been entered into between the parties. The record reflects that the trial judge was not manifestly erroneous or clearly wrong in his finding. While we are sympathetic to Mr. Brasfield's situation and recognize the possibility that some discussions may have transpired regarding child support payments, we find, as apparently did the trial judge, that Mr. Brasfield simply did not meet his burden of proving that the parties clearly agreed to waive or otherwise modify the court ordered payments. In making this decision, we are mindful of the fact that the children lived with Mr. Brasfield during certain periods of time. Once again, however, the trial judge was faced with conflicting testimony about the family's living arrangements and the support provided during the time that the children stayed with their father. Recognizing a trial judge's great discretion in credibility determinations, we cannot say that the trial judge erred in failing to find that an implied agreement to suspend child support existed during the periods that the children lived with Mr. Brasfield. Moreover, we note that Mrs. Brasfield, in making her calculation of past due child support, claimed to have afforded Mr. Brasfield credit for a portion of the time that the children lived with him.
On appeal, Mr. Brasfield also complains that the trial court incorrectly calculated the amount of arrearages that he owed. He specifically contends that as a claim for past due child support prescribes in five years, the trial court erred in calculating arrearages retroactive to January 10, 1990, in the amount of $44,550.00. In the trial judge's reasons for judgment, he did refer to the total amount due under the 1990 judgment. The trial judge specifically stated as follows: "The total amount due to plaintiff under the terms of the Judgment dated January 10, 1990, less any credits to which the defendant may be entitled is $44,550.00 through the hearing date of May 11, 1998. The plaintiff has given the defendant a credit of $23,000.00, a substantially larger credit than the defendant could prove he was entitled. Therefore, this Court is of the opinion that plaintiff is entitled to a Judgment for past due support in the amount claimed, $21,550.00, through May 11, 1998." It is clear from the record that Mrs. Brasfield was seeking to collect arrearages from March 1993, as the support prior to that time was apparently obtained pursuant to a wage assignment. Although the amount given by the trial judge closely reflects the amount claimed by Mrs. Brasfield, we are uncertain to what extent the trial judge relied on the total amount due under the judgment in making his calculation. Accordingly, we feel compelled to remand the case for recalculation of the amount due from March 1993 through the date of the hearing, affording Mr. Brasfield the credits to which he is entitled.
Having addressed Mr. Brasfield's arguments, we now turn to an issue raised in appellee's brief. In the present case, the trial judge awarded Mrs. Brasfield the amount of past due child support as well as legal interest from date of judicial demand and all costs of the proceedings. In her appellate brief, Mrs. Brasfield contends that the trial court erred by not awarding her attorney's fees pursuant to LSA-R.S. 9:375 A. She requests that this court amend the judgment to fix costs and legal fees. However, appellee, Mrs. Brasfield, did not appeal from the judgment of the trial court, nor did *87 she file an answer to the appeal lodged by defendant in this court. Where a party neither answers an appeal nor cross-appeals, this court is precluded from reviewing that party's requested relief. LSA-C.C.P. art. 2133. Gottsegen v. Diagnostic Imaging Services, 95-977 (La.App. 5 Cir. 3/13/96), 672 So.2d 940, writ denied, 96-0707 (La.4/26/96), 672 So.2d 909. Accordingly, the issue raised by Mrs. Brasfield in her appellate brief is not properly before this court and cannot be addressed.
For the reasons set forth herein, we affirm the trial court determination that Mrs. Brasfield is entitled to past due child support; however, we vacate the amount of child support awarded and remand the matter for recalculation of the amount due in accordance with this opinion.
AFFIRMED IN PART, VACATED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.
NOTES
[1] Mrs. Brasfield had calculated the amount of child support due through April of 1998 and did not include May. Calculating the amount due through May of 1998, the arrearages owed would actually be $21,600.00. When the trial judge issued the judgment, he apparently considered the amount of child support due through the date of the hearing.