787 So.2d 610 (2001)
Vicki N. CHAMBLEE
v.
Dennis W. HARVEY.
No. 01-070.
Court of Appeal of Louisiana, Third Circuit.
June 6, 2001.
*611 Julie R. Wilkerson, Alexandria, LA, Counsel for Defendant/Appellant, Dennis W. Harvey.
Robert Levy, Assistant District Attorney, Alexandria, LA, Counsel for Appellee, State of Louisiana, Department of Social Services.
Court composed of NED E. DOUCET, Chief Judge, HENRY L. YELVERTON, and ELIZABETH A. PICKETT, Judges.
DOUCET, Chief Judge.
Defendant, Dennis W. Harvey, appeals a judgment of the district court condemning him to pay $13,977.00 in past due child support. We amend the judgment of the trial court and affirm as amended.

FACTS
Mrs. Vicki Chamblee (formerly Harvey), was originally awarded child support for her two children: Danielle (born 2/13/80) and Daniel (born 2/14/82) by a judgment of the Eighth Judicial District Court, Proceedings Number 27,750-86, on June 27, 1990. Thereafter, in February of 1992, the State of Louisiana through the Department of Social Services began collecting child support of $400.00 per month from Dennis Harvey pursuant to that order.
In April of 1998, Mrs. Chamblee informed the State of Louisiana that both of her children were living with their father and had been doing so since approximately December of 1997. Because the children were not living with the custodial parent, the State did not continue collection of the court ordered support. However, since there were outstanding arrears at the time, the State did not close their case and applied any sums paid toward the amount in arrears.
In December of 1999, Mrs. Chamblee requested the State take action to collect the arrears and the court ordered support. In response, on January 13, 2000, the State of Louisiana filed a petition to register the judgment from Winn Parish (the Eighth Judicial District) in Rapides Parish (the Ninth Judicial District), since neither party lived in Winn Parish anymore. See La.Code Civ.P. art. 2786. Mr. Harvey filed a response to the request for registration, in letter form, denying the arrears and alleging that there was a "verbal agreement that any arrears owed her [Mrs. Chamblee] would be applied to the remainder of the time the children were living with me [Mr. Harvey]." Mrs. Chamblee denies any such agreement.
The instant action came before the Court for hearing on March 27, 2000. At the opening of the proceedings the parties stated that they had no objection to the *612 Winn Parish judgment being registered in Rapides Parish. As both of the Harvey children had reached majority, the only issue before the court was how much, if any did Mr. Harvey owe in back child support.
The testimony at trial differed as to how long the children lived with their father, and included testimony from Daniel and Danielle Harvey, Cynthia Harvey, Dennis Harvey's current wife, and Vicki Chamblee's mother. As best as we can determine, one child, Danielle, went to live with Mr. Harvey in December of 1997, and the other child, Daniel went to live with him in January of 1998.

LAW AND DISCUSSION
In his "Written Reasons for Judgment" the trial judge states as follows:
The State of Louisiana accepts the contention that oral modifications are acceptable methods of changing support obligations, but argues the problem with such modification, as it is with all such oral agreements, is proof of the agreement. In support of its position, the State cites Guillory v. Guillory, 702 So.2d 1079 (La.App. 3rd Cir.1997). The Third Circuit Court of Appeals, ruling on modifications in general, in that case, states that:
In order to prove a modification through an agreement, the party claiming such must clearly prove that the agreement meets the requisites of a conventional obligation, and that it does not ... work to [the child's] detriment at the time it was made.
This burden is even heavier when the alleged modification is of an oral nature. The Court declines to rule on whether or not the agreement was or was not in the best interests of the child at the time it was made. Rather the Court bases its ruling on the fact that Mr. Harvey was unable to "clearly prove" the existence of the oral modification in the manner in which one would prove the existence of any oral conventional obligation.
The testimony adduced at trial simply was not sufficient to convince the Court that such an agreement was ever made. Mr. Harvey was the only witness who had any knowledge of the agreement, and he is additionally the party with the most to gain from such an agreement. His former spouse denied the existence of such an agreement, and no other witness during the proceedings, including those called by Mr. Harvey, had any knowledge of such an agreement. The Court is therefore forced to conclude that the evidence does not support Mr. Harvey's contention, and deny his claims to a reduction in his support obligation.
Of additional weight for this conclusion is the testimony of both the maternal grandmother and the children about numerous expenses of the children that were undertaken by the grandmother, Ms. Nichols, on behalf of her daughter who was disabled for much of this time period. Accordingly, the Court therefore finds the arrearages to be $13,977.00. This amount represents $5,177.00 in arrearages that were accrued up until April of 1998 when the State stopped collecting this obligation. Added to that amount is $400.00 per month from May of 1998, through February of 2000 (22 months), for an additional amount of $8,800.00. The support obligation was an in globo award, and therefore was not reduced, and did not end, until the younger child 17 turned 18 in February of 2000. Mr. Harvey is therefore ordered to pay arrearages, in the amount of $13,977.00, to Ms. Chamblee.
Should Mr. Harvey not be able to pay this amount in a lump sum, the Court grants Mr, Harvey the right to pay the *613 amount in monthly installments to Ms. Chamblee. If Mr. Harvey utilizes this alternative, he is to make 30 monthly payments of $465.90.
We agree with the trial judge that Mr. Harvey failed to prove the existence of an oral agreement to terminate or reduce his child support obligation once the children left their mother's household. Be that as it may, our examination of the case does not end there.
The courts of this state have long held that child support payments may be suspended by implied agreement:
Louisiana courts have further held that child support was suspended by implied agreement even when the mother did not specifically agree to the suspension of payments, where it was found that the mother delivered the physical custody of the child or children to the father who provided directly for their support. In such cases an implied agreement has been found due to the mutual understanding between the parents that the father would assume sole responsibility for feeding, clothing and sheltering the child or children in his care. See Matter of Andras, 410 So.2d 328 (La.App. 4th Cir.1982); LeGlue v. LeGlue, 404 So.2d 1268 (La.App. 4th Cir.1981); Pierce v. Pierce, 397 So.2d 62 (La.App. 2d Cir.1981).
Sims v. Sims, 422 So.2d 618, 622 (La.App. 3 Cir.1982), writ denied, 427 So.2d 870 (La.1983). See also Bagby v. Dillon, 434 So.2d 654 (La.App. 3 Cir.), writ denied, 440 So.2d 150 (La.1983); Hendricks v. Hendricks, 594 So.2d 1129 (La.App. 3 Cir. 1992); Goss v. Goss, 95-1406 (La.App. 3 Cir. 5/8/96); 673 So.2d 1366; and Brasfield v. Brasfield, 98-1021 (La.App. 5 Cir. 2/23/99); 729 So.2d 83.
By Mrs. Chamblee's own admission, both of the children left her residence to reside with Mr. Harvey at approximately the same time. In fact, in April of 1998, Mrs. Chamblee informed the State of Louisiana, who had been collecting child support on her behalf, that both of her children were living with their father and had been doing so since approximately December of 1997. At that time, the State ceased collecting support from Mr. Harvey. We cannot condone her reaping the benefit of child support payments past that time. While we praise the actions of the grandmother in aiding her grandchildren, we note that she was under no obligation to do so. Therefore, under the facts in this case, i.e., that the Harvey children left the residence of their mother to live with their father at the end of 1997, and never returned to live with their mother, we find Mr. Harvey's child support obligation was suspended, by implied agreement, from December 31, 1997, until Daniel reached majority. The trial court determined that as of April 1998, Mr. Harvey's arrearages amounted to $5,177.00. As we find his obligation of $400.00 per month ended at the end of 1997, we credit him with the $1,600.00 (4 × $400.00) in support payments he paid to the State in 1998, and set aside the $8,800.00 in additional payments awarded by the trial court.
Accordingly for the reasons stated, we amend the trial court's award to Mrs. Chamblee to a total of $3,577.00 ($5,177.00-$1,600.00) and order that said amount be paid to her in not more than ten equal monthly payments. Costs of this appeal are assessed equally between the parties.
AFFIRMED AS AMENDED.