GRAVOIS, J.
hThis suit was brought by the State of Louisiana, Department of Children and Family Services (“the State”) as plaintiff/appellee, pursuant to La. R.S. 46:236.1.1 et seq,, seeking child support from defendant/appellant, Craig Anthony Aexander, for the benefit of his minor son, Craig Benoit Aexander. Mr, Aexander appeals the trial court’s April 28, 2016 judgment that granted the State’s rule to modify child support. For the reasons that follow, we affirm in part, reverse in part, and amend in part.
*1263 FACTS AND PROCEDURAL HISTORY
On September 2, .2011, in their civil divorce proceeding,[1] Craig Alexander and Adrienne Alexander entered into a Consent Judgment which ordered Mr. Alexander to pay Ms. Alexander $1,132.00 in monthly child support, which judgment was signed on May, 11, 2012. On May 17, 2012, the State filed a Motion to Amend Judgment to be named as payee of said civil order of support; on. May 22, 2012, the motion was granted. On April 2, 2013, another Consent Judgment was entered into in the civil divorce proceeding ordering an interim order of child support, reducing Mr. Alexander’s monthly child support obligation to $800.00 per month. In response, the State again filed a Motion to Amend Judgment to be named as payee of the civil order of support, which motion was granted on May 17,2013.
On October 17, 2013, in the instant proceeding, Mr. Alexander’s child support obligation was decreased to $300.00 per month effective from October 1, 2013 through April 30, 2014.[2] On January 16, 2014, the State filed a Rule to Review Child Support, alleging a change in circumstances which would result in a modification of Mr. Alexander’s child support obligation of $300,00 per month |2then in effect. A hearing on the rule was set .for March 20, 2014, but the hearing was ultimately continued to June 12, 2014. However, on March 20, 2014, an interim Judgment was signed increasing Mr. Alexander’s child support obligation to $1,000.00 per month effective on February 1, 2014.
On June'12, 2Q14,- a hearing was held on the State’s Rule to Review Child Support. At the hearing, Ms. Alexander requested that the case be closed because,, “it’s so related to the custody case that we’re getting ready to do, hopefully soon in the near future.” It was ordered, that the State would no longer be named as payee of Mr. Alexander’s income assignment order, and Mr. Alexander’s child support .obligation would remain suspended until the , issue of custody was decided.
On Janüáry 15, 2015, the State filed a Motion to Amend Judgment and Rule- to Review for Modification. The motion noted that on October 8, 2014, ih the parties’ civil divorce proceeding, it was orderéd that the residence of the minor child was to be relocated to Dallas, Texas, and 'that' Ms. Alexander was again requesting the services of the State in collecting child support on her behalf from Mr. Alexander. The State requested that it be- reinstated as payee on the May 22, 2012 judgment[3] that ordered Mr. Alexander to pay $1,132.00 in child support and requested a rule to review the-current amount of child support for modification. A rule to show cause was set for March 12, 2015. By motions filed by both parties, the hearing was continued to April 16, 2015, June 26, 2015, July 16, 2015, and finally August 13, 2015. On August 13, 2015, an interim Judgment was signed ordering Mr. Alexander to pay $1,730.00 per month in child support effective on August 13, 2015. A hearing was set for November 19, 2015 to, according to the State, “determine the retroactive date of the child support, review the interim support Order, and separate civil *1264 issue(s) between the parties.” This hearing was ultimately continued to January 14, 2016.
| ¡¡Following the hearing on January 14, 2016 and the filing of post-trial memoranda by both parties, in a Judgment signed on April 28, 2016, the trial court: (1) granted the State’s rule for modification; (2) ordered the effective date of the interim order of child support of $1,730.00 to remain August 2015; (3) ordered'Mr.-Alexander to pay child support for the months of June 2014 through December 2014 in the amount of $1,000.00 per month; (4) ordered Mr. Alexander, effective January 2015 through July 2015, to pay child support. in the amount of $1,333.46; and (5) ordered Mr. Alexander, effective January 2016, to pay child support in the amount of $1,443.89 per month. This timely appeal followed.
On appeal, Mr.. Alexander asserts the following assignments of error:
1. The . trial court committed manifest error and/or abused its discretion in finding that the State showed a material change of circumstances since the time of the previous child support award.
2. The trial court committed manifest error and/or abused its discretion in ordering Mr. Alexander to pay child support from June 2014 through December 2014 in the amount of $1,000.00 per month (totaling $7,000.00) before judicial demand was made by the State on January 15, 2015.
3. The trial court correctly held that Ms. Alexander was voluntarily underemployed, but committed manifest error and/or abused its discretion in setting the final child support without imputing Ms. Alexander’s earning capacity.
4. The trial court committed manifest error and/or abused of discretion in not making the final child support retroactive to the date of judicial demand on January 15, 2015.
5. If retroactivity was inapplicable, the trial court committed manifest error and/or abuse of discretion in applying the interim child' support judgment ' ■ from August 2015 to January 2016 without calculation of Mr. Alexander’s child support obligation for each period of time.
6. The trial court committed manifest error and/or abuse of discretion in including Mr. Alexander’s per diem and overtime income in calculating Mr. Alexander’s monthly income for child support purposes.
ASSIGNMENT OF ERROR NUMBER ONE
In his first assignment of error, Mr. Alexander argues that trial .court erred by modifying the child support award without proof of a material change in circumstances since the time of the previous award. Mr. Alexander argues that | ¿Ms. Alexander’s voluntary underemployment and relocation are not material changes in circumstance and thus do not justify a modification of the child support award.
La;. R.S. 9:311 provides, in pertinent part:
A. (1) An award for support shall not be modified unless the party seeking the modification shows a material change iii circumstances of one of the parties between the time of the previous award and the time of the rule for modification of the award.
Accordingly, a modification of child support can only be awarded when the party seeking the modification proves there is a material change in circumstance.
This- Court’s review of the trial court’s finding is governed by a two-part test: (1) *1265 the appellate court must find from the record that there is a reasonable factual basis for the finding of the fact finder; and (2) the .appellate court must further determine the record establishes the finding is not clearly wrong (manifestly erroneous). Mart v. Hill, 505 So.2d 1120, 1127 (La. 1987). The trial court’s factual findings should not be reversed on appeal absent manifest error, Rosell v. ESCO, 549 So.2d 840, 844 (La. 1989). If the trial court’s “findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse .... ” Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106, 1112 (La. 1990). Consequently, when there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly erroneous. Stobart v. State, DOTD, 617 So.2d 880, 883 (La. 1993). A trial court’s order of child support is entitled to great weight. Carmouche v. Carmouche, 03-1106 (La.App. 5 Cir. 2/23/04), 869 So.2d 224. “[A]n appellate court will not disturb a child support order unless there is an abuse of discretion or manifest error.” State, D.S.S. ex rel. D.F. v. L.T., 05-1965 (La. 7/6/06), 934 So.2d 687, 690.
Based on our review of the record, we find that the trial court did not abuse its discretion when it found there to be a change of circumstances warranting a ^modification of Mr. Alexander’s child support obligation. Prior to the State filing its rule for modification on January 15, 2015, the trial court issued a judgment concerning custody in the parties’ civil divorce proceeding. The judgment ordered that the residence of the minor child was to be relocated to Dallas, Texas, where Ms. Alexander was then employed as a pilot for Fly Jock. In November 2014, Ms. Alexander resigned from Fly Jock. In 2015, she moved to Maryland and worked for UPS and Pilot Options, as a contract employee, and she also worked as a substitute teacher. Ms. Alexander testified at trial that she is the “custodial guardian parent” of their minor child,' and the minor- child is “in [her] home every day” with the exception of visiting his grandparents.
Upon review, we find that the' child’s relocation out of state with his mother, his custodial parent, and her changes in employment were material changes of circumstances that warranted a modification of child support. Thus, considering the great weight given to the trial court regarding its order of child support, we find no error in the trial court’s granting of the rule for modification. This assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER TWO
In his second assignment of error, Mr. Alexander argues that the trial court erred when it ordered him to retroactively pay child support from June 2014 to December 2014 in the amount of $1,000.00 per month.
On January 16, 2014, the State filed a Rule to Review Child Support that was set for hearing on March 20, 2014. The hearing was continued until June 12, 2014; however, on March 20, 2014, an intérim judgment of $1,000.00 per month in child support was ordered. At the June 12, 2014 hearing on the Rule to Review Child Support, Ms. Alexander requested that, due to a pending custody hearing, the issue of child support be suspended. The trial court ruled that the child support obligation would remain suspended until the issue of custody was decided, and the 16State would be removed as payee to the obligation. Custody was determined in October 2014; on January 15, 2015, the State filed a Motion1 to Amend Judgment and Rule to Review for Modification, seeking to be reinstated as payee on the order of support.
On appeal, Mr. Alexander argues that because the State was no longer the payee *1266 on the order of support as of June 12, 2014, it had no legal right to child support payments until it reopened the case, 'which occurred on January 15, 2015 when the State filed its Motion to Amend Judgment and Rule to Review for Modification. Thus, Mr. Alexander argues that the support obligation cannot be made retroactive past January 15, 2015,
•In its written-reasons for judgment, the trial court noted that “[sjince custody had been decided in October of 2014, lifting of the suspension of child support was in order, and the, amount already in place is hereby reinstated.” It then ordered child support in the amount of $1,000,00 per month for the period of June 2014 to December 2014.
Regarding retroactivity of child support awards, La. R.S. 9:315.21(A) provides:
Except for good cause shown, a judgment awarding, modifying, or revoking an interim child support allowance shall be retroactive to the date of judicial demand, but in no case prior to the date of judicial demand.
In this case, the interim child support award of $1,000,00 was suspended in June 2014' as agreed to by both parties, and the State was removed as payee. The State did not make a judicial demand for child support again until it filed its Motion to Amend Judgment and Rule to Review for Modification on January 15, 2015. Thus, pursuant to La, R.S, 9:315.21(A), we find that the trial court erred in ordering the retroactive payment of child support prior to January; 15, 2015, the date of judicial demand. We accordingly reverse that part of the judgment that [ 7orders child support to be paid in the amount of $1,000.00 per month from June 2014 through. December 2014.
ASSIGNMENT OF ERROR NUMBER THREE
In his third" assignment of error, Mr. Alexander argues that the trial court erred in calculating the final child support award without imputing Ms. Alexander’s earning capacity. Mr. Alexander contends that Ms. Alexander was voluntarily underemployed since leaving her job at Fly Jock and failed to prove she acted in good faith. Pursuant to La. R.S. 9:315.11(A),[4] the court was required to impute Ms. Alexander’s income earning potential when calculating the final child support award. Specifically, Mr. Alexander argues that the court should have imputed at least $125,000,00 a year—Ms. Alexander’s salary at Fly Jock—-for the final child support calculation, ...
At trial, Ms, Alexander testified she was previously employed by Fly Jock at-a salary of $125,000.00 per year. She worked there from May 5, 2014 through November 4, 2014 until she resigned. She then worked for UPS from March 2015 to November 2015. She testified that she was currently employed as a substitute teacher for Queen Anne’s County School System. Her pay as a substitute teacher is $11.25 an hour. She was also employed on a contract basis ■ by Pilot Options, which is a contract pilot services company, ■ When *1267 asked if she could estimate her monthly-gross income'as of the time of trial, Ms. Alexander stated that she couldn’t because she “just had surgery last year and I’m just' feeling like I’m able to work right now.”
| «When calculating the final child support award, the trial court averaged both parties’ actual 2014 and 2015 monthly incomes. For Ms. Alexander, the court averaged her .2014 monthly income of $10,416.66, which included her Fly Jock salary, and her 2015 monthly income of $3,169.57.
Upon review, we find that the trial court did not err in computing the final child support award by averaging both Ms. Alexander’s 2014 and 2015 incomes. The court included. Ms. Alexander’s employment with Fly Jock as part of her 2014 monthly income, but was not unreasonable in considering her income in 2015, which included employment with UPS and work as a substitute teacher. As noted above, a trial court’s order of child support is entitled to great weight. - Carmouehe, supra. An appellate court will not- disturb a child support order unless there is an abuse of discretion or manifest error. State, D.S.S. ex rel. D.F. v. L.T., supra. We find the trial court, after considering the evidence and testimony presented at trial, was not unreasonable in calculating Ms. Alexander’s income by averaging her 2014 and 2015 incomes. Accordingly, we find no error in the trial court’s calculation of Mr. Alexander’s final child support obligation,
ASSIGNMENT OF ERROR NUMBER FOUR
In his fourth assignment of error, Mr. Alexander argues that the trial court erred in making the final child support award effective January 2016, the month the trial took place, and not retroactive to the date the State filed its judicial demand on January 15, 2015.
Regarding retroactivity of child support, La. R.S. 9:315.21 provides, in pertinent part:
B. (1) A judgment that initially awards or denies final child support is effective as of the date the judgment is signed and terminates an interim child support allowance as of that date.
:(2) If an interim child support allowance award is'not in effect on the date of the judgment awarding: final child support, the judgment shall be retroactive to the date of judicial demand, Rexcept for good cause shown, but in no case prior to the date of judicial demand.
. C. Except for good cause shown, a judgment modifying or, revoking a final child support judgment shall be retroactive to the date of judicial demand, but in no case .prior to the date of judicial demand.
[[Image here]]
E. In the event that the court finds good cause for not making' the award retroactive to the date of judicial demand, the court may fix the date on which the award shall commence, but in no case shall this date be a date prior to the date of judicial demand.
In this case, the parties were before the court by motion filed by the. State to modify ah existing finál child support judgment, and thus, La. R.S. 9:315.21(C) is applicable. According to La. R.S. 9:315.21(0), except for good cause shown, a judgment modifying or. revoking a final child support judgment shall be retroactive to the date of judicial demand.
Upon review, we find that the trial court erred in making the final support judgment effective--in January 2016 and in. not making- it retroactive to January 15, 2015, the date of judicial demand. We find no “good cause” to make the judgment retro *1268 active only to January 2016. As part of this same judgment, the court calculated the child support owed from January 2015 to July 2015 by using Ms. Alexander’s Fly Jock salary. However, the income used to calculate the interim amount, which the court ruled would remain in place for August 2015 to December 2015, used Ms. Alexander’s income from substitute teaching, which is significantly less, thus making the child support obligation more. Considering the foregoing, we find that the final child support order should be retroactive to the date of judicial demand, and thus, reverse the trial court’s finding on this issue and amend the judgment to make the child support award of $1,443.89 effective on January 15, 2015. The trial court’s other interim child support awards for 2015 ($1,333.46 per month for the period from January 2015 through July 2015, and hn$l,730.00 per month for the period from August 2015 through January 2016) are vacated.
ASSIGNMENT OF ERROR NUMBER FIVE
In his fifth assignment of error, Mr. Alexander argues that if this Court does not find that the final child support award should be retroactive to the date of judicial demand, then the trial court abused its discretion in applying the interim judgment from August 2015 to January 2016 without calculation of the child support obligation. Considering our finding in Assignment of Error Number Four, this assignment of error is moot.
ASSIGNMENT OF ERROR NUMBER SIX
In his final assignment of error, Mr. Alexander argues that the trial court erred by including Mr. Alexander’s per diem allowance and overtime pay when calculating his income. Mr. Alexander argues that his November 2015 check stub included a per diem allowance; however, the trial court did not deduct this per diem allowance when calculating his income to determine child support. Mr. Alexander also argues that the trial court erred by not using his base salary as his income because “any amount over the base salary was not guaranteed and would require the party to work excessive overtime.” Finally, Mr. Alexander argues that the trial court failed to recognize his on the job injury precluded him from working overtime.
Mr. Alexander is a first officer working for Delta Airlines. His base salary is 65 hours at $155.35 per hour. Mr. Alexander testified that the last time he flew was June 12, 2015 due to a work injury. He testified that for the first 90 days, he was on worker’s compensation. Then, Delta started using his “sick bank,” but that has since been depleted. Regarding his earnings during 2015, he testified that in the first quarter of 2015, which included January, February, and March, he averaged $21,244.00 per month. In ,the second quarter, which included April, In May, and June, he averaged $17,033.67 per month. For the third quarter, which included July, August, ■ and September, he averaged $17,009.67 per month. For the fourth quarter, which only included October and November, . he averaged $18,354.00 per month.
In calculating Mr. Alexander’s monthly income for the final child support order, the trial court averaged his 2014 monthly income of $16,115.40 and his 2015 monthly income of $17,902.81. The guidelines for determination of child support are set forth in La. R.S. 9:315, et seq. La. R.S. 9:315C(3) defines “gross income,” and La. R.S. 9:315C(3)(d)(ii) and (iii) note that per diem allowances which are not subject to federal income taxation and extraordinary overtime are not to be considered “gross income.”
*1269 Upon review, we find that Mr. Alexander failed to prove that his income used by the trial court in its calculation of his child support obligation included per diem allowances. At trial, Mr. Alexander testified that his income included per diem allowances. However, he neither testified to nor provided the court with any evidence concerning exactly what part or how much of his income was per diem allowances. Regarding overtime pay, although Mr. Alexander testified that he had been on disability which precluded him from working overtime or receiving overtime pay, we find that he did not present sufficient evidence at trial- to support his testimony regarding his disability and the income he received or would receive as a result of his disability. Thus, considering Mr. Alexander’s lack of evidence to support his testimony regarding his per diem and overtime pay, we find that the trial court was not unreasonable in its final child support calculations. This assignment of error is without merit.
CONCLUSION
For the foregoing reasons, we affirm the trial court’s ruling granting the State’s rule for modification; reverse the trial court’s order to pay child support for 112the months of June 2014 through December 2014 in the amount of $1,000.00 per month; affirm the trial court’s calculation of the final child support award of $1,443.89; reverse its order that the final child support award become effective January 2016; and amend the judgment to reflect that the final child support award is to be effective on January 15, 2015, the date of judicial demand.
AFFIRMED IN PART; REVERSED IN PART; AMENDED IN PART

. Adrienne Christrel McBurrows Alexander v. Craig Anthony Alexander, No. 59,936, 40th Judicial District Court, Parish of St. John the Baptist, State of Louisiana.

, Said Order further provided that Mr. Alexander’s child support obligation would be $381.00 per month effective from May 1, 2014 to May 31, 2014, and $465.00 per month effective on June 1, 2014.

; This date appears to be in error, as the original judgment was signed on May 11, 2012.

. La. R.S. 9:315.11(A) provides:
A. If a party is voluntarily unemployed or underemployed, child support shall be calculated based on a determination of income earning potential, unless the party is physically or mentally incapacitated, or is caring for a child of the parties under the age of five years. In determining the party's income earning potential, the court may consider the most recently published Louisiana Occupational Employment Wage Survey. Absent evidence of a party’s actual income or income earning potential, there is a re-buttable presumption that the party can earn a weekly gross' amount equal to thirty-two hours at a minimum wage, according to the laws of his state of domicile or federal law, whichever is higher.