WINDHORST, J.
Appellant, Chris Wilson, appeals the trial court's November 28, 2016 judgment. For the reasons that follow, we affirm the November 28, 2016 judgment. We further affirm the April 20, 2016 interlocutory order awarding appellee attorney's fees and court costs.
Facts and Procedural History
The parties were married in Plaquemines Parish on August 15, 1992, and they established their domicile in Jefferson Parish. One child was born of the marriage on January 6, 1994.
The parties physically separated on January 21, 2000. On January 18, 2006, the parties met with appellee's attorney, Nelson Cantrelle, Jr., and executed divorce pleadings. The parties then proceeded to the courthouse where appellee's La. C.C. art. 103 petition for divorce was filed.[1] The petition alleged that the parties had lived separate and apart and without reconciliation since January 21, 2000. In her prayer, among other issues, appellee requested child support in the amount of $550.00 per month. On the same day, appellant filed an answer generally denying the allegations in the petition for divorce. The parties also filed a motion to set the matter for trial on the merits which was set for January 18, 2006. Appellee waived notice of the motion to set for trial.
On January 18, 2006, after a trial on the merits, judgment was rendered granting appellee's petition for divorce.[2] The judgment also awarded the parties joint custody of the minor child with appellee as the domiciliary parent. Appellant was ordered to pay appellee $550.00 dollars per month, plus 100% medical insurance coverage and uncovered medicals for the support of the minor child. The judgment further stated that the community assets had been amicably divided and that each party was in possession of the items belonging to him or her.
On November 3, 2015, appellee filed a "Rule for Contempt, to Compel Payment of Child Support, Request for Attorney's fees, and Court Costs," wherein appellee contended that appellant failed to pay any *1211 child support. The rule requested the trial court to compel appellant to immediately pay past due child support and to find appellant in contempt for failing to comply with his child support obligation. The rule further requested attorney's fees and court costs incurred for filing and prosecuting the rule.
On December 14, 2015, appellant filed a "Rule for Contempt, Accounting for Overpayment of Child Support, Request for Attorney's Fees and Cost." In his rule, appellant argued that he paid child support in excess of $550.00 per month. He also asserted that appellee's allegation that he did not pay was a "falsehood," and therefore appellee should be held in contempt. In response to appellant's rule, appellee filed exceptions of no cause of action and vagueness. Appellant filed a "Supplemental and Amending Rule." On February 3, 2016, after a hearing, the domestic commissioner granted appellee's exceptions and dismissed appellant's rule for contempt.[3] Subsequently, appellee filed a motion to compel discovery responses and requested attorney's fees and costs. On April 20, 2016, the trial court granted appellee's motion to compel discovery and ordered appellant to respond within 15 days. The trial court further awarded $500.00 in attorney's fees and court costs.
On February 4, 2016, the parties appeared before the hearing officer on appellee's rules filed November 3, 2015. The parties stipulated that "the braces & health insurance payments are required by Judgment. Chris Wilson retracts his claim for reimbursement for payment of expenses for the child after she became a major." The hearing officer recommended that the parties testify as to whether payments made by appellant for tuition, cheerleading, purchase of car, and car insurance should be credited toward child support payments. Appellee objected to the hearing officer's recommendation. The trial court heard appellee's rules for contempt and to compel payment of past due child support on May 18, 2016. On November 28, 2016, the trial court rendered judgment: (1) finding that the January 18, 2006 judgment remained in full force and effect and had not been modified, reduced, or terminated by a court, nor had there been any extrajudicial modification of the judgment; (2) ordering appellant to pay appellee past due child support in the amount of $41,869.85, plus judicial interest; and (3) awarding appellee attorney's fees in the amount of $12,287.60 and court costs for her rule in the amount of $1,304.89.
Discussion
A child support judgment remains in full force and effect until the party who is responsible for payment has it modified or terminated by the court. Bourgeois v. Bourgeois, 09-106 (La. App. 5 Cir. 06/23/09), 16 So.3d 431, 439 (citing Halcomb v. Halcomb, 352 So.2d 1013 (La. 1977) ); Brasfield v. Brasfield, 98-1021 (La. App. 5 Cir. 02/23/99), 729 So.2d 83, 84. However, a judgment awarding child support can be extrajudicially modified by agreement of the parties. Brasfield, 729 So.2d at 85. Such an agreement must meet the requisites of a conventional obligation and must foster the continued support an upbringing of the child. Id.; McAlpine v. McAlpine, 94-1594 (La. 09/05/96), 679 So.2d 85, 91 ; Dubroc v. Dubroc, 388 So.2d 377, 380 (La. 1980) ; Palmer v. Palmer, 95-608 (La. App. 1 Cir. 11/09/95), 665 So.2d 48, 51.
The burden of proof is on the person seeking to modify his obligation.
*1212 Brasfield, 729 So.2d at 85. There must be a clear showing that the parties agreed to change and the change must not be detrimental to the child. Id.; Dubroc, 388 So.2d at 380 ; Timm v. Timm, 511 So.2d 838, 840 (La. App. 5 Cir. 1987). Failure to protest or acquiesce in a unilateral reduction does not defeat an action for arrearages or amount to a waiver. Casey v. Casey, 02-246 (La. App. 4 Cir. 05/29/02), 819 So.2d 1108, 1112 ; New v. New, 93-702 (La. App. 5 Cir. 01/25/94), 631 So.2d 1183, 1186, citing Dubroc, supra.
The grounds for an action in nullity are provided exclusively pursuant to La. C.C.P. art. 2001, et seq. There are two types of nullity of judgments: (1) absolute nullity, i.e. , null for vice of form pursuant to La. C.C.P. art. 2002 ; and (2) relative nullity, i.e. , null for vice of substance, pursuant to La. C.C.P. art. 2004. An action to annul a final judgment based on La. C.C.P. art. 2002 may be brought at any time. La. C.C.P. art. 2002 B. However, a defendant who voluntarily acquiesced in the judgment, or who was present in the parish at the time of its execution and did not attempt to enjoin its enforcement, may not annul the judgment on any of the grounds enumerated in La. C.C.P. art. 2002. La. C.C.P. art. 2003 ; see also La. C.C.P. art. 2002 B.
The trial court's factual findings should not be reversed on appeal absent manifest error. Rosell v. ESCO, 549 So.2d 840, 844 (La. 1989). If the trial court's findings are reasonable based on the record reviewed in its entirety, the court of appeal may not reverse. Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106, 1112 (La. 1990). An appellate court will not disturb a child support order unless there is an abuse of discretion or manifest error. State, D.S.S. ex rel. D.F. v. L.T., 05-1965 (La. 07/06/06), 934 So.2d 687, 690 ; Dep't of Children & Family Servs. (DCFS) v. Alexander, 16-387 (La. App. 5 Cir. 12/28/16), 228 So.3d 1261.
In his first three assignments of error, appellant contests the validity of the January 18, 2006 judgment, ordering appellant to pay appellee $550.00 per month in child support. Appellant argues that: (1) the January 18, 2006 judgment is an absolute nullity because the petition for divorce did not comply with La. C.C.P. art. 1702 and La. C.C.P. art. 1701, and therefore, all subsequent interlocutory orders and/or trials are null and void; (2) the January 18, 2006 judgment is not a valid award of child support because the trial court did not consider the child support guidelines in reviewing the adequacy of the stipulated amount of child support nor did the trial court provide written reasons warranting a deviation from those guidelines; and (3) the trial court erred in not considering the unique nature of the relationship between the parties and the minor which existed prior to the January 18, 2006 judgment.
A review of the record reveals that the validity of the January 18, 2006 judgment was not properly before the trial court. The January 18, 2006 judgment awarding appellee child support in the amount of $550.00 per month remained in full force and effect at the time of the May 18, 2016 hearing on appellee's rules for contempt for failure to pay child support and to compel payment of past due child support. Despite appellant's contentions to the contrary, the nature of the parties' relationship concerning child support prior to the January 18, 2006 judgment is irrelevant. Appellant did not appeal, file a petition for nullity, or move to modify, reduce, or terminate the January 18, 2006 judgment. Furthermore, appellant did not sustain his burden to show that the parties *1213 entered into an extrajudicial agreement after the January 18, 2006 judgment awarded appellee child support. Based on the testimony and evidence, we find that the trial court did not commit manifest error or abuse its discretion in granting appellee's rule to compel past due child support in the amount of $41,869.85.[4] The first three assignments of error are therefore without merit.
In his last assignment of error, appellant assigns as error the trial court's ruling on a pretrial discovery matter. Appellant contends that the trial court erred when it awarded $500.00 in attorney's fees and court costs on April 20, 2016, in connection with appellee's motion to compel.
A party to litigation may apply for an order compelling discovery when another party fails to answer properly propounded discovery. La. C.C.P. art. 1469. If the trial court grants the motion, it shall require the party whose conduct necessitated the motion to pay the reasonable attorney's fees and expenses incurred by the moving party in obtaining the order, unless opposition to the motion was substantially justified or other circumstances make an award of expenses unjust. Id.
A trial court has broad discretion in determining whether a refusal to produce documents was substantially justified. Baker v. Harrah's, 15-229 (La. App. 4 Cir. 03/09/16), 190 So.3d 379, 389, writ denied, 16-659 (La. 05/27/16), 192 So.3d 743 ; Succession of Holliday, 576 So.2d 1155, 1157 (La. App. 3 Cir.), writ denied, 581 So.2d 708 (La. 1991). We find the trial court did not abuse its discretion in awarding attorney's fees and court costs in the amount of $500.00 for appellant's failure to answer discovery.
Conclusion
For the above stated reasons, the November 28, 2016 judgment is affirmed. We further affirm the April 20, 2016 interlocutory order awarding appellee attorney's fees and court costs in the amount of $500.00.
AFFIRMED

Appellant did not sign the petition for divorce, but he did sign a verification that the allegations in the petition were true.

In his brief, appellant argues that he was not present in the trial court on January 18, 2006. However, the minute entry dated January 18, 2006 provides that appellee was present with her attorney, Mr. Cantrelle, appellant was present in proper person, and both parties testified as witnesses. The January 18, 2006 judgment also states that both parties were present.

During the hearing, appellant stated on the record that he "abandons any hint of a request for reimbursement" and "any request for any accounting."

Appellee's rule for contempt was heard on May 18, 2016. However, the judgment is silent as to whether the trial court found appellant in contempt. When a judgment is silent as to a claim or demand that was litigated, it is presumed to be deemed denied by the trial court. Cambre v. St. John the Baptist Parish, 12-590 (La. App. 5 Cir. 05/16/13), 119 So.3d 73, 81, writ denied, 13-1415 (La. 10/11/13), 123 So.3d 1227.